497 P.2d 1275 (1972)
TEXAS SOUTHLAND CORPORATION, d/b/a Southland Corporation and Kelly Parker, Plaintiffs-Appellants,
v.
Kendell F. HOGUE and The Colorado Civil Rights Commission, Defendants-Appellees.
No. 71-291.
Colorado Court of Appeals, Div. II.
April 25, 1972.
Rehearing Denied May 16, 1972.
*1276 Lattimer, Robb & Naylor, John R. Naylor, II, Pueblo, for plaintiffs-appellants.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Jeffrey I. Sandman, James E. Dotson, Asst. Attys. Gen., Denver, for defendants-appellees.
Selected for Official Publication.
DWYER, Judge.
This is an appeal from a district court judgment affirming an order of the Colorado Civil Rights Commission in a proceeding arising under the Colorado Anti-Discrimination Act of 1957. C.R.S.1963, 80-21-1 et seq.
Texas Southland Corporation, d/b/a Southland Corporation, operates retail stores in Colorado and is an employer within the provisions of the Act. In one of its retail outlets, Texas Southland Corporation employed Kendell F. Hogue as a clerk. Mr. Hogue was discharged on May 5, 1969, and he filed a complaint with the Commission alleging that the employer had discriminated against him by discharging him because of his race or color. The Commission, after hearing, found in favor of the employee and entered its findings of fact, conclusions of law, and order on May 8, 1970. On review, the district court affirmed.
The employer denied the charge of discrimination and alleged that it discharged the employee because: (1) he was not dependable, was late for work, and did not work when scheduled; and, (2) was under police surveillance for suspicion of narcotics violation. The Commission specifically found that there was no factual basis supporting either of the "reasons" given by the employer for discharging the employee.
The employer contends on appeal that the Commission was in error in striking the testimony of an employee of the Department of Revenue, Liquor Enforcement Division. The witness testified with respect to the alleged police surveillance of the employee. However, it developed in the witness' testimony that he did not learn of the alleged surveillance until after the date on which the employee was discharged. The witness further testified that he did not at any time tell the supervisor who had discharged the employee that the employee was under surveillance. The Commission properly struck this testimony because it was not relevant to the issue of why the employee was fired. The employer asserts that the Commission should have considered the hearsay evidence concerning the surveillance because it is not bound by strict rules of evidence. C.R.S.1963, 80-21-7(11). Although the Commission is not bound by strict rules of evidence, it has the inherent power as a fact-finding body to strike testimony which has no bearing on any question at issue.
The principal issue on appeal is whether the order of the Commission is based upon substantial evidence. The applicable rule is stated in Colorado Civil Rights Commission v. State of Colorado, Colo.App., 488 P.2d 83, as follows:
"Judicial review of findings made by an administrative body such as the Civil Rights Commission is limited to the question of whether, based upon the entire record, the findings are supported by evidence *1277 so substantial that an inference of the existence of a fact may be reasonably drawn. Holland v. Edwards, 307 N.Y. 38, 119 N.E.2d 581."
There is no direct evidence of discrimination in the record. However, such direct evidence is not a prerequisite to a finding of discrimination under the terms of the Act, and such a finding may be based on legitimate inferences from the evidence. Colorado Civil Rights Commission v. State of Colorado, supra. The Commission's finding of discrimination in this case is a legitimate inference from all the evidence which established, among other things, that the employee was black; that he had been a good worker; and that the employer's stated reasons for the discharge of the employee were false.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.