532 P.2d 770 (1975)
Kenneth E. CLINE and Jean F. Cline, Plaintiffs-Appellants, Cross-Appellees,
v.
CITY OF BOULDER, Colorado, a Colorado Municipal Corporation, Defendant-Appellee, Cross-Appellant.
No. 74-134.
Colorado Court of Appeals, Div. III.
February 25, 1975.
*771 Reynolds, Connell, Moran & Banman, John M. Banman, Boulder, for plaintiffs-appellants, cross appellees.
Walter L. Wagenhals, Boulder, for defendant-appellee, cross appellant.
Selected for Official Publication.
PIERCE, Judge.
The Clines brought this suit seeking relief from a special assessment levied against their property by defendant City of Boulder. The improvements for which the assessment was levied included the widening and repaving of a street upon which the Clines' property abutted, the installation of curb, gutter and sidewalk, and the installation of a storm drainage system. Total cost of the improvements was over $344,000, $31,000 of which was determined by the City Council to be of special benefit to the abutting landowners. The assessment was apportioned among the landowners by use of the "front-foot, square-foot" method, resulting in an assessment of approximately $13,000 against the Clines' property, which consisted of approximately 200,000 square feet and 660 linear feet of frontage.
At the hearing conducted prior to passage of the assessment ordinance, the Clines maintained that the improvements did not benefit their property, and that, in fact, the widening of the street with the concomitant increase in vehicular traffic would detrimentally affect the market value of their property. In spite of the Clines' protest, the Boulder City Council enacted the assessment ordinance, wherein the Council found that "[t]he properties appearing on the assessment schedule have specially benefited by the project at least to the extent of the assessments. . . . The assessment is therefore approved."
The Clines then commenced this action in district court, seeking an injunction against the assessment and a declaration that the assessment ordinance was void because it constituted a taking of the Clines' property without due process of law and denied the Clines equal protection of the law, and because the City Council exceeded its jurisdiction and abused its discretion in levying the assessment.
The district court concluded that the improvements afforded a benefit to the Clines, but held that the City Council had insufficient evidence to reach the conclusion that the special benefits to the Clines' property equalled or exceeded the amount of the assessment. Without explicitly stating whether it was affirming or reversing the Council's action, the court remanded the matter to the Council for further hearings to determine the amount of benefit accruing to the Clines' property.
Our supreme court, in Orchard Court Development Co. v. City of Boulder, Colo., 513 P.2d 199, held that C.R.C.P. 106(a)(4) was a proper vehicle for judicial review of special assessments levied under Boulder's homerule powers. Although, as in Orchard Court, the complaint in this case suggests that plaintiffs sought declaratory relief as well as injunctive relief, the trial court's order and both parties' briefs before this court have followed the Orchard Court holding by proceeding under C.R.C.P. 106 rather than C.R.C.P. 57, and therefore we conclude that C.R.C.P. 106(a)(4) governs this action.
*772 The City asserts that a motion for new trial is necessary to secure appellate review of a district court's judgment in a proceeding under C.R.C.P. 106, and that since only the City filed a motion for new trial, the Clines cannot be considered appellants in this case. We disagree. A motion for new trial is not required where, as in proceedings under C.R.C.P. 106, the hearing in the district court did not involve controverted issues of fact. C.R.C.P. 59(h); Colorado Civil Rights Commission v. Colorado, 30 Colo.App. 10, 488 P.2d 83. Both parties timely filed the requisite notice of appeal.
Citing Safeway Stores, Inc. v. City of Trinidad, 31 Colo.App. 75, 497 P.2d 1277, the City suggests that, because the district court's order remanding the case to the City Council for further proceedings did not constitute a final judgment, this court may be without jurisdiction to entertain this appeal.
In the Safeway Stores case, the district court neither affirmed nor reversed the decision of the City Council, but remanded for the Council to make findings required by state statute, which findings had not been previously made by the Council. This court held that, under those circumstances, a final judgment was lacking. In the case at bar, however, the City Council made all the required findings, and we conclude therefore that this court has jurisdiction to consider this appeal.
Furthermore, under these circumstances, we concur with the Clines' contention that district court review in a C.R.C. P. 106 proceeding is limited to the record, and the district court on its own motion may not order a remand to supplement the record where, as here, evidence had been presented on all issues necessary for a determination of the validity of the assessment and the record is complete. Board v. Handley, 105 Colo. 180, 95 P.2d 823; see Johnston v. City Council of Greenwood Village, 177 Colo. 223, 493 P.2d 651. Thus, we construe the district court's order to be a final judgment, reversing the City Council's decision on the ground that the Council's finding of $13,000 special benefits to the Clines' property was unsupported by sufficient evidence and therefore was an abuse of discretion.
The City's sole substantive contention on this appeal is that the district court erred in holding that the City Council abused its discretion when it determined that the Clines' property had been specially benefited by an amount equalling or exceeding the assessment. We agree.
The validity of the Council's assessment is presumed. Satter v. City of Littleton, Colo., 522 P.2d 95. Therefore, before we reach the question of whether the Council's determination is validated by evidence, we must consider whether the Clines introduced sufficient evidence at the hearing to overcome the presumption of validity that inheres in the assessment itself.
The status and strength of a rebuttable presumption varies according to the strength of the policies which motivate a court or a legislature to create it. Therefore, there are no universal rules as to what amount of evidence is necessary to overcome a rebuttable presumption or whether it places upon a party attempting to overcome it only the burden of producing evidence, or both the burden of producing evidence and the burden of persuading the fact finder. There also is no set standard as to whether such presumptions have evidentiary weight or are mere inferences. See, e.g., Atkinson v. Englewood State Bank, 141 Colo. 436, 348 P.2d 702; Shreyer v. Shreyer, 113 Colo. 219, 155 P.2d 990; People v. R.C.D., 29 Colo. App. 202, 481 P.2d 123. See generally, Cleary, Presuming and Pleading: An Essay on Juristic Immaturity, 12 Stan.L. Rev. 5; Morgan, Instructing the Jury Upon Presumptions and Burden of Proof, 47 Harv.L.Rev. 59. They must therefore be handled on an ad hoc basis unless precedent has established the status of a particular presumption.
*773 Our supreme court has held that the invalidity of a municipal ordinance generally must be established beyond a reasonable doubt. Baum v. Denver, 147 Colo. 104, 363 P.2d 688. It has, however, established a different rule as to special assessments. It defined the burden regarding this particular presumption in Satter v. City of Littleton, supra:
"Nevertheless, a presumption of validity inheres in a city council's determination that the benefits specially accruing to properties equal or exceed the assessments thereon. . . . The burden is on the property owners to affirmatively show to the council, by substantial competent evidence, that the contrary is true."
The enactment of § 13-25-127, C.R.S.1973, (1971 Perm.Supp., C.R.S.1963, 52-1-28) has not affected this burden.
Mr. Cline, his counsel, and a realtor whose qualifications as an expert were not presented, testified, mostly by broad assertions, that the improvements were general benefits rather than special benefits. They stated that the sidewalk, curb and gutter, and bicycle paths benefited the general public and passersby rather than the Clines; that the drainage culvert impeded the natural flow of waters into Goose Creek and was a detriment to the Clines; that the Clines' access to their property was not improved in any way by the project; and that the improvements raised the level of the street, requiring the Clines to make expenditures to raise their property to the new level of the street. Nowhere in the record did they present any evidence as to the monetary value of the benefits and the detriments which the Clines claim the improvements had caused to their property.
In Satter v. City of Littleton, supra, the court held that owners' statements consisting of "conclusory opinions unsupported by any evidence, expert or otherwise," were insufficient to overcome the presumption of validity of the assessment. The information presented by the Clines' witnesses in this case was no less conclusory or inadequate than the evidence submitted by the property owners in Satter and, therefore, fell far short of constituting the substantial evidence required to override the presumption of validity of the amount of the assessment. Satter v. City of Littleton, supra; see Village of Glen Ellyn v. Lami, 10 Ill.App.3d 243, 293 N.E.2d 478; and Gordon v. Street Improvement District No. 1, 242 Ark. 599, 414 S.W.2d 628.
Judgment reversed and the cause remanded to dismiss the complaint.
RULAND and VanCISE, JJ., concur.