**SOON YEE SCOTT d/b/a New Tokyo Massage, Plaintiff-Appellee and Cross-Appellant,**

v.

**CITY OF ENGLEWOOD, a municipal corporation of the State of Colorado, Defendant-Appellant and Cross-Appellee.**

**No. 82CA0696.**

Colorado Court of Appeals, Division 3.

Oct. 13, 1983.

James R. Collins, Denver, for plaintiff-appellee and cross-appellant.

Rick DeWitt, City Atty.; Thomas V. Holland, Asst. City Atty., Englewood, for defendant-appellant and cross-appellee.

TURSI, Judge.

Plaintiff, Soon Yee Scott, (Scott) applied to the Englewood City Council (Council) for a license to operate a massage parlor. *See* § 12–48.5–101 et seq., C.R.S.1973 (1978 Repl.Vol. 5). The Council denied the license request. Scott sought certiorari review pursuant to C.R.C.P. 106(a)(4). The trial court found that, although there was competent evidence on the record to support the Council's decision denying the application, the decision was infected with bias and deprived Scott of due process. The trial court, therefore, reversed the denial of the application and remanded for a new hearing. Englewood appeals contending that

Scott was not denied due process of law. Scott cross-appeals, asserting lack of competent evidence on the record to support the Council's decision to deny the license. We agree with Englewood, and reverse.

Before reaching the merits of this appeal, two jurisdictional issues must be resolved. The first, which was raised by this court sua sponte, is whether the trial court's decision to remand constitutes a final judgment. C.A.R. 1(a)(1); *See Hait v. Miller,* 38 Colo. App. 503, 559 P.2d 260 (1977). The second, which is raised by Englewood on appeal, is whether Scott's failure to join the Council left the trial court without jurisdiction to review the Council's action.

I

Based on our decision in *Cline v. City of Boulder,* 35 Colo.App. 349, 532 P.2d 770 (1975), we conclude that the trial court's decision to remand is a final judgment. In *Cline,* we held that, where a city council had made all the required findings, a district court's order of remand to the city council for further proceedings was a final judgment. *Cf. Safeway Stores, Inc. v. City of Trinidad,* 31 Colo.App. 75, 497 P.2d 1277 (1972). In the case at bar, although the trial court found competent evidence on the record to support the Council's decision, the remand was premised solely on the conclusion that Scott had been denied procedural due process. Therefore, the trial court's order is ripe for appeal.

The petition for certiorari review was filed with the trial court on July 1, 1981. On the same day, an amendment to C.R.C.P. 106 became effective. This amendment permits addition, dismissal, or substitution of parties with leave of the court, and such action shall relate back to the date of the filing of the original petition. C.R.C.P. 106(b) (1982 Cum.Supp.). Here, Englewood defended in the trial court and failed to raise non-joinder of the Council as an indispensable party. We hold that since a C.R.C.P. 106(a)(4) petition may be amended to add parties, and since Englewood did not protest or show prejudice, the failure to join the Council as a named party

defendant in the petition is not jurisdictionally fatal. *Cf. Tri-State Generation & Transmission Co. v. City of Thornton,* 647 P.2d 670 (Colo.1982).

## II

The issues raised on appeal and cross-appeal revolve around the actions of two members of the Council, Councilman Neal and Councilman Fitzpatrick. Neal helped organize a petition drive in opposition to the proposed massage parlor. Based on his participation in the petition drive, Neal felt he had obtained a personal interest in the massage parlor controversy and therefore disqualified himself from voting on the license application. The record indicates that Fitzpatrick was also involved in the petition drive, but only to a very limited extent. Fitzpatrick did not disqualify himself.

Neal appeared at the public hearing on the massage parlor license and presented, on behalf of constituents, the petitions in opposition to the proposed massage parlor. He further participated in the public hearing by testifying to his personal interest in the petition drive, and by objecting to the manner in which counsel for Scott was addressing the Council.

In compliance with statutory requirement, a survey was conducted by an independent firm to ascertain the needs and desires of residents located in the vicinity of the proposed massage parlor. *See* § 12–48.5–104(4), C.R.S.1973 (1978 Repl.Vol. 5). An article authored by Neal was published in the Denver Post approximately the time the independent survey was being conducted. The article urged citizens to answer opinion polls in order to prevent the issuance of unwanted licenses.

Scott's main contentions are that Neal's involvement in the public hearing violated due process by destroying the impartiality of the Council as a whole. Scott also contends that the actions of Neal, in regard to the petition drive, tainted the subsequent independent survey thereby rendering incompetent the evidence relied upon by the Council. Englewood contends that due process was satisfied as Neal disqualified himself from participating in the decision-making process and that the Council's denial of the massage parlor license was based on competent evidence.

Quasi-judicial proceedings must be conducted in accordance with procedural due process. *See Hide-A-Way Massage Parlor, Inc. v. Board of County Commissioners,* 198 Colo. 175, 597 P.2d 564 (1979); *Elizondo v. State,* 194 Colo. 113, 570 P.2d 518 (1977). And, fundamental fairness is the cornerstone of due process. *See People in the Interest of D.A.K.,* 198 Colo. 11, 596 P.2d 747 (1979).

However, in *Johnson v. City Council,* 42 Colo.App. 188, 595 P.2d 701 (1979), we held that due process is not violated where a city attorney presents evidence at a hearing and advises the city council on the legal issues, but does not participate in the substantive decision. Moreover, no violation of due process occurred where two council members received evidence at an informal hearing and expressed opinions thereon prior to participating in the formal hearing. *Johnson, supra. See also Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976). *But see Booth v. Trustees of the Town of Silver Plume and Town of Silver Plume,* 28 Colo.App. 470, 474 P.2d 227 (1970).

There is a presumption of integrity, honesty, and impartiality in favor of those serving in quasi-judicial capacities. *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). And, the challenger of a quasi-judicial decision has the burden of rebutting this presumption of impartiality. *Schweiker v. McClure,* 456 U.S. 188, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982). *See also Hortonville Joint School District No. 1 v. Hortonville Education Ass'n,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). Thus, a quasi-judicial proceeding violates due process only if this presumption of integrity and honesty is overcome by a showing that there is a conflict of interest on the part of a participating decision-maker. *Hortonville, supra.*

An adjudicatory hearing will be held to have been conducted impartially in the absence of a personal, financial, or official stake in the decision evidencing a conflict of interest on the part of a decision-maker. The taking of a public stance on a policy issue related to an upcoming hearing does not, in the absence of a showing of bias, disqualify the decision-maker.

Since the conduct of Fitzpatrick does not amount to a conflict of interest, it merits no further discussion. Neal acted properly in disqualifying himself from the decision to approve or disapprove the proposed license. And, because of his disqualification, the decision concerning the massage parlor license was rendered by a quasi-judicial entity composed of presumptively impartial members.

Although we realize that the decision of the remaining council members was not made in a vacuum, the conduct of Neal, without more, was not sufficient to cast an unconstitutional taint upon the proceeding. Thus, the presumption of impartiality in favor of the council members partaking in the decision to deny the license was not rebutted.

Although we do not approve of the actions of Neal and the appearance of impropriety they may have created, we hold that the trial court erred in finding his conduct biased the quasi-judicial proceeding in violation of procedural due process.

The standard under C.R.C.P. 106 for reviewing a quasi-judicial decision is to ascertain whether the findings of fact are supported by competent evidence. *See City & County of Denver v. District Court,* 196 Colo. 134, 582 P.2d 678 (1978). We agree with the trial court that the findings of the Council are supported by competent evidence in the record, and therefore, these findings will not be disturbed on review.

In regard to the due process issue, the judgment of the trial court is reversed, and this matter is remanded to the trial court with directions to reinstate the decision of the Council.

STERNBERG and BABCOCK, JJ., concur.