**COUNTY BOARD OF EQUALIZATION and Board of County Commissioners of the Counties of Adams, Boulder, Cheyenne, Dolores, Elbert, Garfield, Huerfano, Jackson, La Plata, Larimer, Logan, Mesa, Moffat, Montrose, Prowers, Rio Blanco, Routt and Weld, State of Colorado, Plaintiffs-Appellants,**

v.

**The BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO; Henry F. Shriver, and William Beier in their official capacities as members of said Board of Assessment Appeals; Atco Drilling; Bomac Drilling; Brinkerhoff-Signal, Inc.; Burris Drilling; Challenger Drilling, Inc.; CRC Colorado Well, Inc.; Exeter Drilling Northern, Inc.; 500 Drilling, Inc.; Kopco Drilling Northern, Inc.; Loffland Brothers; M.G.F. Drilling Company; Murfin Drilling Company; Nicor Drilling; Rig Associates; Shelby Drilling, Inc.; and Tower Drilling Company, Defendants-Appellees.**

No. 85CA0884.

Colorado Court of Appeals, Div. II.

Aug. 20, 1987.

Thomas O. David, Weld Co. Atty., Jan Rundus, Asst. Weld Co. Atty., Greeley, for petitioners-appellants.

Holme, Roberts and Owen, Lawrence L. Levin, Clifford P. Jones, Denver, for respondents-appellees.

TURSI, Judge.

Plaintiffs, the Boards of County Commissioners of the various counties sitting respectively as the County Boards of Equalization, seek to set aside the district court judgment entered on its review of the decision of the State Board of Assessment Appeals (BAA) regarding the computation of economic obsolescence in the valuation of oil and gas drilling rigs. The counties assert the decision of the BAA to use a 74 percent economic obsolescence factor is unsupported by substantial evidence on the record as a whole, and that the district court erred in describing a method by which the BAA could convert the taxpayers' economic obsolescence factor to use in the counties' valuation method. We affirm the judgment of the district court.

This case arises from the 1983 property tax assessment of forty-seven oil and gas drilling rigs located in nineteen counties. Seventeen counties allowed a 17 percent deduction for economic obsolescence. Two counties made no allowance for economic obsolescence. The respondent drilling companies who own the rigs (taxpayers) appealed the assessments to the BAA.

Two hearings were held before the BAA. The first hearing involved seventeen of the counties, the second involved the other two. At both hearings the taxpayers presented testimony from numerous witnesses outlining the impact of the world-wide economic slump in the oil industry and further introduced expert appraisal testimony supporting an economic obsolescence factor in the range of 74 to 92 percent of replacement cost new. *See* Division of Property Taxation, Personal Property Valuation Manual AH 405. The BAA ruled that the issue of economic obsolescence was a matter of statewide concern pursuant to § 39-8-108(2), C.R.S. (1986 Cum. Supp.), and found, pursuant to the Division of Property Taxation, Replacement Cost Manual AH 565, in all cases that a deduction of 74 percent for economic obsolescence should

be allowed in addition to the depreciation already allowed for oil and gas rigs.

All the counties, except Yuma, appealed the BAA's decision to their respective district courts. The actions were consolidated and transferred to the Thirteenth Judicial District pursuant to C.R.C.P. 42.1. The district court sustained the BAA's conclusion that the taxpayers had rebutted the presumption that the counties valuations were correct by presenting competent, substantial evidence establishing the oil industry was in a sharp decline, a large number of rigs were underutilized, and the market value appraisal of such rigs showed 74 percent economic obsolescence of replacement cost new.

The district court also concluded that while the taxpayers' expert provided useful evidence and analysis, he had failed to factor in the physical depreciation factor which the county assessors were required to use pursuant to Manual AH 565. Therefore, it ruled the BAA's *application* of a 74 percent economic obsolescence factor to each rig against replacement cost new less depreciation was not supported by substantial evidence. The district court ordered the matter remanded to the BAA to recompute the assessments adjusting the 74 percent economic obsolescence factor by the physical depreciation factor on each assessment and to recertify its amended order to the district court. The recomputation and recertification was accomplished, and the order of the BAA as amended was affirmed by the district court.

I

The counties assert the decisions of the BAA and the district court to use a 74 percent economic obsolescence factor are unsupported by substantial evidence in the record. We disagree.

■ Here, the counties concede, and we agree, that economic obsolescence is a proper factor to be considered in reaching assessed valuation. *Colorado & Utah Coal Co. v. Rorex,* 149 Colo. 502, 369 P.2d 796 (1962). Although no direct testimony was presented to support the economic obsolescence factor of 17 percent used in the counties' assessments, the method utilized was recommended by the advisory committee to the tax administrator. It arrived at a figure on economic obsolescence by averaging market utilization for the years 1980 and 1981 (which reflected high market activity), and 1982. Further, there is a rebuttable presumption that the assessment made by the county assessor is correct. *Colorado & Utah Coal Co. v. Rorex, supra.* To rebut that presumption, taxpayers protesting a property tax assessment must prove by a preponderance of the evidence that the assessment is incorrect. Section 13–25–127(1), C.R.S.; *Honeywell Information Systems, Inc. v. Board of Assessment Appeals,* 654 P.2d 337 (Colo.App.1982).

■ Taxpayers presented testimonial evidence from several witnesses familiar with the buying and selling of rigs during 1982 showing the drastic decline in the oil business. Their testimony showed the loss in value of oil and gas rigs was 74 to 92 percent of their original cost. Also, the testimony of the taxpayers' appraisal expert was sufficient to support the finding that oil and gas drilling rigs generally experienced a total 74 percent depreciation for 1983. Based on his market study of drilling rig sales in 1982, he concluded the *most* a rig could be worth was 26 percent of its replacement cost new as calculated for assessment purposes. We conclude that the taxpayers' evidence was sufficient to overcome the presumption in favor of the counties' assessments using zero and 17 percent economic obsolescence.

However, the Board of Adjustment's acceptance of the taxpayers' expert's calculation failed to allow for the physical depreciation against replacement cost new already granted by the counties. Thus, it attributed the total 74 percent depreciation to economic obsolescence without crediting against it the undisputed allowance on the individual rigs for physical depreciation. Therefore, we agree with the district court's ruling that the BAA erred in its application of the 74 percent as an economic obsolescence factor without adjustment for the physical depreciation already allowed in the counties' assessment.

## II

The counties assert the district court erred in describing a method by which the BAA could convert the taxpayers' economic obsolescence factor for use in the counties' valuation method. We disagree.

First, the counties contend the district court did not have jurisdiction to determine the method by which the economic obsolescence should be computed. However, the counties mischaracterize the district court's order since it did not "determine" the method of computation. Rather, it rejected the BAA's application of the 74 percent economic obsolescence factor because testimony showed that factor had been applied against replacement cost new rather than against replacement cost new less depreciation. Therefore, it remanded the matter to the BAA to recompute the assessments. It then outlined what it characterized as the simplest solution for a recomputation.

■ Once the district court found that a portion of the BAA's order was unsupported by sufficient evidence, it had authority to remand the case for further proceedings and to afford such other relief as may be appropriate. Section 24–4–106(7), C.R.S. (1982 Repl. Vol. 10). The district court's inclusion of a calculation proposal to the BAA does not exceed this authority.

■ Second, the counties contend the district court's method of computing the economic obsolescence factor is unsupported by substantial evidence. Using the principles set out in § 39–1–104(10)(a), C.R.S. (1982 Repl. Vol. 10B) and *Colo. Const.* art. X, § 3, the district court merely *suggested* the calculation be made in the following manner: a) compute replacement cost new; b) subtract depreciation as provided in AH 565; c) subtract an amount equal to (74% replacement cost new minus depreciation already subtracted); d) multiply the balance by the 65 percent rollback to arrive at the 1977 base year; and e) multiply the result by 29 percent to achieve the assessed evaluation.

The counties correctly state the district court's suggested method of valuation results in all the oil and gas rigs being valued at 26 percent of the replacement cost new under their appraisal method. This method creates a constant total depreciation factor, but economic obsolescence and physical depreciation factors vary from rig to rig. The counties contend the factor for economic obsolescence should be a constant figure applied against oil rigs. Under the circumstances presented here, we disagree.

The evidence presented at the BAA hearing shows a substantial economic obsolescence factor is justified because of the decline in the oil business and resulting underutilization of oil and gas rigs. Additionally, there was substantial evidence on the record which supported a total economic obsolescence factor of 74 percent.

While usually a constant economic obsolescence factor should be used in appraising oil and gas rigs, the varying economic obsolescence factor in this case is the result of combining the taxpayers' and counties' calculation methods. It is merely an adjustment of the mathematics to attribute portions of the depreciation to physical depreciation and to economic obsolescence. It does not affect the final valuation of the rigs by use of a total 74 percent depreciation. In fact, it was the BAA's use of a constant economic obsolescence factor in addition to replacement cost new less depreciation that was the gravamen of the counties' appeal to the district court. Therefore, the district court's method is supported by substantial evidence in the record.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.