**SNYDER FAMILY TRUST,**
Petitioner–Appellant,

v.

**ADAMS COUNTY BOARD**
**OF EQUALIZATION,**
Respondent–Appellee,

and

**Board of Assessment Appeals, State**
**of Colorado, Appellee.**

No. 91CA0156.

Colorado Court of Appeals,
Div. V.

March 12, 1992.

Rehearing Denied April 16, 1992.

Certiorari Denied Aug. 31, 1992.

Robert J. Loew, County Atty., James D. Robinson, Asst. County Atty., Brighton, for respondent-appellee Adams County Bd. of Equalization.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for appellee Bd. of Assessment Appeals.

Opinion by Judge DUBOFSKY.

Petitioner, Snyder Family Trust (taxpayer), appeals from a decision of the Board of Assessment Appeals (BAA) which denied taxpayer's protest of the valuation of its property for purposes of 1990 property taxes made by respondent, the Adams County Board of Equalization (BOE). We affirm.

The subject commercial property, a shopping center in Thornton, was valued at $4,186,138 by the county assessor for the 1990 tax year. Taxpayer appealed the assessor's valuation to the BOE which reduced the valuation to $3,526,658. Still dissatisfied, taxpayer then appealed the BOE's valuation to the BAA, contending that the actual value of the subject property was $2,821,477.

At the *de novo* hearing before the BAA, the BAA sustained taxpayer's objection to the calling of any witnesses and the introduction of any exhibits by the respondent BOE, pursuant to BAA Rule 11, 8 Code Colo.Reg. 1301–1 (1990), because the respondent BOE did not submit any exhibits or list of witnesses to the taxpayer in advance of the hearing. The cited rule generally requires all parties to exchange all documentation, including exhibits and a list of witnesses, at least 10 days prior to a hearing. Thus, the only evidence at the hearing before the BAA was presented through the testimony and the exhibits of taxpayer's expert witness.

Taxpayer's expert presented an income and a cost approach to value to the BAA, and, relying primarily on the income approach, that expert valued the subject property at $2,821,477. Although he did not place documentation of the market approach before the BAA, and his testimony showed the recent sale of the property was not a factor in his valuation, the taxpayer's expert indicated that he also "considered" the market approach.

As noted by the BAA, further cross-examination revealed that taxpayer had acquired the subject property in June 1988 for $6,920,000 in a sales transaction within the applicable 18–month base period for valuation for 1990 property taxes. *See* § 39–1–104(10.2), C.R.S. (1991 Cum.Supp.). The BAA also overruled taxpayer's objection to questioning the expert as to whether that transaction reflected an arm's-length sale.

Following the hearing, the BAA ruled that the taxpayer had presented insufficient evidence and testimony to prove that the county assessor improperly valued the subject property. The BAA specifically stated that it "did not believe" taxpayer's expert. Accordingly, the BAA denied taxpayer's petition, and this appeal followed.

Taxpayer contends that the BAA's ruling denying its petition is arbitrary and capricious and is unsupported by competent evidence in the record. Absent any evidence presented by the respondent BOE in support of its valuation, taxpayer contends that the BAA was required to grant taxpayer the relief it sought. We disagree.

■ There is a rebuttable presumption that the valuation made by a county assessor is correct. *See Carrara Place, Ltd. v. Arapahoe County Board of Equalization,* 761 P.2d 197 (Colo.1988); *County Board of Equalization v. Board of Assessment Appeals,* 743 P.2d 444 (Colo.App.1987).

■ Consequently, in a *de novo* hearing before the BAA, the burden of proof is on the taxpayer to rebut that presumption. Here, of course, the presumption of regularity and correctness of the tax assessor's valuation was refuted by the BOE's decision which significantly lowered the assessor's valuation. In light of the BOE's rejection of the tax assessor's valuation, the question is whether the assessor's presumption, if used, was properly relied on by the BAA.

We conclude that the assessor's presumption was not in effect during the BAA hearing. We further determine, however, that despite the BAA's statement that it was relying on the assessor's presumption, it was in reality attaching a presumption of regularity and correctness to the BOE's decision, and it did not err in doing so.

■ Since the assessor's valuation was rejected by the BOE, the only operative valuation at the time of the BAA hearing was that of the BOE. Hence, it would be improper for the BAA to give presumptive validity to the assessor's valuation. This negation of a presumption favoring the assessor is particularly appropriate here since the BAA is precluded from raising the tax assessment higher than that determined by the BOE. *See* § 39-8-108(5)(a), C.R.S. (1991 Cum.Supp.). Thus, the tax assessor's valuation figure, since it was rejected for a lower figure by the BOE, could never be the presumptive tax assessment figure of the BAA.

■ It appears, however, that the BAA properly attached a presumption of regularity and correctness to the BOE's tax assessment determination. Historically, Colorado has applied a presumption of regularity and correctness to the decisions of administrative bodies such as the BOE. *See Anderson v. Colorado State Department of Personnel*, 756 P.2d 969 (Colo. 1988); *Eliopulos v. Colorado State Personnel Board*, 705 P.2d 1035 (Colo.App. 1985). Thus, we find that the BAA did not err in applying a presumption of regularity and correctness to the BOE's tax assessment. We further conclude that the presumption in favor of the BOE's determination functions in the same manner as the presumption in favor of the assessor's valuation. *See Cline v. Boulder*, 35 Colo.App. 349, 532 P.2d 770 (1975).

■ The taxpayer next argues that, even if the presumption is valid, since it submitted the only evidence establishing a correct valuation, the BAA erred in accepting the BOE's valuation as a basis of its final decision. Relying primarily on *Board of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc.*, 797 P.2d 27 (Colo.1990), the taxpayer argues that since its evidence on valuation is the only substantial evidence in the record, that the BAA's decision must be reversed. We disagree.

In order to determine if the BAA's decision was correct here, it is essential to understand which party had the burden of proof at the hearing and what was the effect of the presumption in favor of the BOE's determination.

In a *de novo* hearing before the BAA, the burden of proof is on the taxpayer to prove that the BOE's valuation is incorrect. *See* BAA Rule 14, 8 Code Colo.Reg. 1301–1 (1990); § 24-4-105(7), C.R.S. (1988 Repl. Vol. 10A); *Arapahoe Partnership v. Board of County Commissioners*, 813 P.2d 766 (Colo.App.1990); *see also* § 39-8-108(5)(a), C.R.S. (1991 Cum.Supp.) (providing that valuation shall not be adjusted higher than the valuation set by the BOE on taxpayer's appeal to BAA).

Although the presumption of validity and correctness which attaches to the BOE's assessment can relate to the taxpayer's overall burden of proof, they are conceptually different matters. The presumption of correctness operates in favor of the earlier BOE decision, but is rebuttable. *See May Stores Shopping Centers, Inc. v. Shoemaker*, 151 Colo. 100, 376 P.2d 679 (1962).

Here, the BAA rejected the taxpayer's evidence because it found the expert witness' testimony not credible. In reviewing the record, we agree with the BAA's implicit determination that the failure of the expert witness to have accounted for the sale price from the recent sale of the property in his valuation creates a serious question about the overall credibility of his testimony. It also appears that the BAA was troubled by the expert's failure to even consider a triple net approach in making his income valuation. For these reasons, it appears that the BAA concluded that the expert's lack of credibility was such that the taxpayer's evidence, which largely rested on the expert's credibility, was inadequate to rebut the presumption in favor of the BOE's prior valuation. Thus, because its evidence was not credible, the taxpayer

failed to meet its burden of proof. *See County Board of Equalization v. Board of Assessment Appeals, supra.*

We therefore conclude that the BAA acted properly in upholding the BOE's determination.

Order affirmed.

REED and RULAND, JJ., concur.