24CA1455 Flying W v Colorado Springs 06-26-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1455
El Paso County District Court Nos. 23CV32349 & 23CV32362
Honorable Amanda J. Phillips, Judge

Flying W, LLC, a Colorado limited liability company, and Lawrence E. Starr,

Plaintiffs-Appellants,

v.

City of Colorado Springs, a home rule City and Colorado municipal corporation; City of Colorado Springs City Council; and Colorado Springs Utilities,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

Mulliken Weiner Berg & Jolivet P.C., Murray I. Weiner, Olivia Urso, Colorado Springs, Colorado; Flynn & Wright, LLC, Bruce M. Wright, Colorado Springs, Colorado, for Plaintiff-Appellant Flying W, LLC

Zuckerman Legal, Harmon Zuckerman, Boulder, Colorado, for Plaintiff-Appellant Lawrence E. Starr

Wynetta P. Massey, City Attorney, Anne H. Turner, Assistant City Attorney, Colorado Springs, Colorado, for Defendants-Appellees

¶ 1    In this C.R.C.P. 106(a)(4) action, plaintiffs, Flying W, LLC, and Lawrence E. Starr (collectively, the objecting landowners), appeal the district court's judgment dismissing their challenge to the decision by the City of Colorado Springs City Council (the City Council) permitting Colorado Springs Utilities (CSU) to significantly increase the height of a water tower built on municipal property near the objecting landowners' properties. We affirm the judgment, albeit on different grounds than those relied on by the district court.

## I.    Background

### A.    Factual Background

¶ 2    The City of Colorado Springs (the City) owns a parcel of property (the Wilson Tank Property) that, at the time of the administrative proceedings at issue in this appeal, had an existing water tank that was thirty-nine feet tall. Because the existing water tank had reached the end of its life cycle, the City, through its enterprise, CSU, proposed to build a replacement water tank on the Wilson Tank Property. CSU submitted a development plan application for the new water tank to the City's Planning and Community Development Department (the Planning Department).

The application sought approval for a height of up to forty-five feet for the new tank. The Planning Department approved the application, with the condition that its "development . . . conform completely to the approved development plan."

¶ 3 During the construction of the new water tank, the objecting landowners raised questions about the height of the structure. Further investigation revealed that the new water tank significantly exceeded the forty-five-foot height limit provided for in the approved development plan. CSU filed for a major modification to the development plan (major modification request), which disclosed that the height of the tank as constructed was approximately sixty feet. The objecting landowners opposed the major modification request. After considering public comments on the matter, the Planning Department issued a "Notice of Violation and Order to Abate" to CSU and referred the major modification request to the City's Planning Commission (the Planning Commission).

¶ 4 The Planning Commission held a quasi-judicial hearing to determine whether to grant CSU's major modification request. It denied CSU's request by a vote of six to two, stating "that significant errors had been made by [CSU]" and that "allowing the

[major modification request to the] tank would undermine public trust."

¶ 5     Availing itself of the appellate processes provided in the municipal code, CSU appealed the Planning Commission's decision to the City Council.  *See* Colo. Springs City Code § 7.5.705 ("The City Council shall hear appeals from decisions of the Planning Commission . . . and shall make a decision to affirm, reverse, modify the action, or remand the item back to the body that made the appealed-from decision.").  The objecting landowners requested that all members of the City Council recuse themselves from hearing the appeal because, under the municipal code, the City Council serves as the board of directors of CSU.  *See* Colo. Springs City Code § 12.1.102.D.  The objecting landowners argued that the City Council's fiduciary duties to CSU created a conflict of interest preventing the City Council from acting as a quasi-judicial body over CSU's appeal.  *See id.* (directing the City Council, in its capacity as CSU's board, to govern CSU "in accord with sound business principles, in a manner that supports long-term sustainability of the enterprise and maximizes value to the citizens").

¶ 6     Relying on advice from the City Attorney's office, which the City Council made public to explain its rationale, the City Council members determined that their dual role as quasi-judicial decisionmakers and board members for CSU did not pose a conflict of interest that required recusal. Alternatively, the City Council acknowledged that, under the "well-settled principle at common law" known as the "rule of necessity," the City Council must fulfill its duty to hear the land use appeal notwithstanding any conflict of interest, because no other body could hear the appeal.

¶ 7     The council hearing proceeded, and after hearing testimony and public comments, the City Council reversed, by a vote of five to two, the Planning Commission's denial of the major modification request.

## B. The C.R.C.P. 106(a)(4) Actions

¶ 8     In separate C.R.C.P. 106(a)(4) actions filed one day apart, Flying W sued the City, while Starr sued the City Council and CSU. The actions were consolidated at the parties' request.[1]

¶ 9     The objecting landowners reiterated their position that the City Council had a duty to remain impartial when acting in its quasi-judicial capacity. However, they also asserted that the City Council had a conflicting fiduciary obligation to CSU as its board of directors. Due to this conflict, they argued, the City Council could not provide an impartial adjudication of CSU's appeal. The objecting landowners thus insisted that the City Council abused its discretion and violated the objecting landowners' due process rights by considering CSU's appeal and reversing the Planning Commission's decision in favor of CSU.

¶ 10    The City Council countered that the objecting landowners had failed "to meet their heavy burden to rebut the presumption that

---

[1] The City, the City Council, and CSU, though nominally distinct defendants, are represented by the same counsel from the City Attorney's office, filed a single brief, and essentially stand as a unified party. Thus, because the actions of the City Council are at issue here, we refer to these entities collectively as the City Council.

City Council acted impartially." Alternatively, the City Council argued that, even if a conflict existed, the rule of necessity applied because no other body could hear the administrative appeal.

¶ 11 The district court found that

> [t]he mere existence of the dual mandates that Councilors act in the best interest of the [C]ity and their constituents while also acting as fiduciaries and members of the board for CSU does not affirmatively prove a conflict of interest, much less a conflict of interest so severe that it deprived [the objecting landowners] of due process.

The court also noted that the objecting landowners had been "able to cite no case . . . where a conflict of interest rising to the level of a due process violation resulted from an official duty, rather than a personal or pecuniary interest or bias." Thus, the court concluded, the objecting landowners "ha[d] not met their burden of demonstrating that the interest of the councilmembers in their roles as CSU board members posed such a risk of actual bias or prejudgment that allowing them to act on the appeal of the

Planning [Commission's][2] decision must be forbidden to guarantee due process." Because the court found no conflict of interest, it did not address the City Council's rule of necessity argument.

## II. Standard of Review and Applicable Law

¶ 12     When reviewing an action under C.R.C.P. 106(a)(4), we review the decision of the administrative body rather than that of the trial court. *Sheep Mountain All. v. Bd. of Cnty. Comm'rs*, 271 P.3d 597, 601 (Colo. App. 2011). "Our review is limited to deciding whether the governmental body's decision was an abuse of discretion, based on the evidence in the record before it, or was made in excess of its jurisdiction." *No Laporte Gravel Corp. v. Bd. of Cnty. Comm'rs*, 2022 COA 6M, ¶ 23; *accord* C.R.C.P. 106(a)(4)(I). "Abuse of discretion has occurred if a decision is not reasonably supported by any competent evidence in the record, or if the agency has misconstrued or misapplied applicable law." *Sheep Mountain All.*, 271 P.3d at 601. "An agency's denial of due process in its exercise of

---

2 In its order, the district court referred to the "Planning Department's decision" rather than the "Planning Commission's decision." Context makes clear, however, that it meant the Planning Commission, since the matter before the court was the City Council's review of that body's decision.

7

quasi-judicial functions also may constitute an abuse of discretion." *Id.*

¶ 13    An appellate court may affirm on any ground supported by the record. *See Taylor v. Taylor*, 2016 COA 100, ¶ 31; *see also Johnson v. Civil Serv. Comm'n*, 2018 COA 43, ¶ 32 (applying this rule in the context of a C.R.C.P. 106 action).

### III.    The Objecting Landowners' Due Process Claim

¶ 14    The objecting landowners do not contend that the City Council's decision to grant CSU's major modification request substantively deviated from the relevant guidelines for reviewing requests for major modifications. *See* Colo. Springs City Code § 7.5.516.D.1 (defining when a request for a major modification to a development plan may be approved). Rather, they argue only that the City Council's dual statutory mandates presented a conflict of interest and that the body's failure to recuse itself deprived the objecting landowners of due process.

¶ 15    True, "[a] governmental body or officer acting in a quasi-judicial capacity abuses its discretion when it fails to afford procedural due process to affected individuals." *Copley v. Robinson*, 224 P.3d 431, 435 (Colo. App. 2009). And "[t]he due process

8

requirement of neutrality in adjudicative proceedings entitles a person to an impartial decision-maker." *No Laporte Gravel Corp.*, ¶ 41. "An impartial adjudication requires 'the absence of a personal, financial, or official stake in the decision evidencing a conflict of interest on the part of a decision-maker.'" *Id.* (quoting *Scott v. City of Englewood*, 672 P.2d 225, 228 (Colo. App. 1983)).

¶ 16    But, unlike the district court, we focus not on whether the City Council's dual role created a conflict of interest that implicated due process but, rather, whether any due process concerns must "give way to the fundamental need for a tribunal that can address" a party's claims. *Moro v. State*, 320 P.3d 539, 547 (Or. 2014). That is, even if we assume without deciding that the City Council's dual roles created a conflict of interest, we perceive no basis to reverse in light of the rule of necessity. *See Taylor*, ¶ 31.

¶ 17    "The rule of necessity provides that it may become necessary for a judge to hear a case in which [they] ha[ve] an interest where no one else can take [their] place." *Off. of State Ct. Adm'r v. Background Info. Servs., Inc.*, 994 P.2d 420, 426 (Colo. 1999) (citing *United States v. Will*, 449 U.S. 200, 213 (1980)). The rule of necessity applies in administrative proceedings. *Leonard v. Bd. of*

9

*Dirs.*, 673 P.2d 1019, 1023 (Colo. App. 1983); *see also deKoevend v. Bd. of Educ.*, 688 P.2d 219, 229 n.6 (Colo. 1984) ("The rule of necessity is sometimes invoked to permit a judicial *or administrative* tribunal to act when no other body is authorized to make a decision.") (emphasis added).[3]

¶ 18 This case presents the quintessential scenario calling for the application of the rule of necessity. The municipal code grants the City Council — and only the City Council — the authority to hear appeals from decisions of the Planning Commission. Colo. Springs City Code § 7.5.705. If the City Council members were to recuse, there would be no tribunal to hear the administrative appeal in this case.

¶ 19 The objecting landowners suggest that this is not a problem — that the Planning Commission's decision could simply be allowed to stand, subject to a C.R.C.P. 106(a)(4) action. Initially, we note that

---

[3] Indeed, though we recognize that the State Administrative Procedure Act, §§ 24-4-101 to -204, C.R.S. 2024, does not apply here, we note that the rule of necessity is essentially codified in that statute. *See* § 24-4-105(3), C.R.S. 2024 (providing that an agency or member of an agency may withdraw from presiding over an agency adjudication "unless [their] withdrawal makes it impossible for the agency to render a decision").

10

it is not clear whether any party can assert a C.R.C.P. 106(a)(4) challenge to the Planning Commission's decision. Two sections of the City's municipal code — section 7.5.411.C and section 7.5.415.A.9 — specify that only the City Council's decisions are subject to such a challenge.

¶ 20 In any event, the objecting landowners' suggestion misunderstands the fundamental nature of the rule of necessity and would create an exception that would all but swallow the rule. Under the municipal code, land use decisions by the Planning Commission are subject to an administrative appeal. Allowing the decision to remain in place, with only a C.R.C.P. 106(a)(4) district court review — which "is not a traditional appeal," *Brown v. Walker Com., Inc.*, 2022 CO 57, ¶ 31 — would eliminate a party's administrative appellate avenue. If the objecting landowners' "solution" were valid, it would essentially abrogate the rule of necessity in administrative proceedings. The landowners offer no authority for such a watershed change.

¶ 21 Because, by operation of the rule of necessity, the City Council was not disqualified from hearing the administrative appeal, the objecting landowners are not entitled to relief under C.R.C.P.

106(a)(4). Thus, the district court did not err by dismissing their complaint.

## IV.  Disposition

¶ 22     The judgment is affirmed.

JUDGE YUN and JUDGE SULLIVAN concur.