534 P.2d 1220 (1975)
James A. HICKAM, Plaintiff-Appellant and Cross-Appellee,
v.
COLORADO REAL ESTATE COMMISSION, Defendant-Appellee and Cross-Appellant.
No. 74-264.
Colorado Court of Appeals, Div. III.
April 29, 1975.
*1222 Joseph R. Marranzino, Stephen E. Tinkler, Denver, for plaintiff-appellant and cross-appellee.
J. D. MacFarlane, Atty. Gen., Jean Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Asst. Atty. Gen., Michael B. Gorham, Special Asst. Atty. Gen., Denver, for defendant-appellee and cross-appellant.
Selected for Official Publication.
RULAND, Judge.
Pursuant to the State Administrative Procedure Act, both the Colorado Real Estate Commission and James A. Hickam appeal from the judgment of the district court entered in connection with a review of the Commission's order revoking Hickam's real estate broker's license. See § 24-4-106(9), C.R.S.1973 (1969 Perm.Supp., C.R.S.1963, 3-16-5(9)). We affirm the Commission's order of revocation.
The record reflects that pursuant to written complaint by Lanvail, Inc., the Commission issued a notice to Hickam advising that a hearing would be conducted before a hearing officer to determine if Hickam's license should be suspended or revoked for violation of subsections (b), (e), (o), and (t) of C.R.S.1963, 117-1-12(1). These respective subsections prohibit a broker from: Making any substantial and willful misrepresentation; acting for more than one party in a transaction without the knowledge of all parties thereto; conducting his business in such a manner as to endanger the interests of the public by reason of unworthiness or incompetence; or any other conduct which constitutes dishonest dealing, whether of the same or a different character than that specifically described in the statute.
Based upon the evidence presented, the hearing officer determined that Hickam had violated subsections (b), (e), and (o) and recommended that his license be revoked. The Commission adopted the findings and conclusions of the hearing officer and entered an order revoking Hickam's license. Hickam sought review in the district court, and the district court affirmed the findings and conclusions of the Commission relative to the statutory violations but reversed the order of revocation and remanded the case to the Commission for imposition of a license suspension.
Based on substantial evidence, the hearing officer made and the Commission adopted findings of fact. A summary follows of those which are pertinent to this appeal.
Following the death of Hilda Hildebrand, the co-executors of her estate executed an exclusive listing agreement with Hickam's real estate firm on July 31, 1971, for the sale of two separate tracts of land owned by the decedent in Jefferson County. One tract consisted of approximately 147 acres (parcel 1) and the second tract consisted of approximately 160 acres (parcel 2). The exclusive listing agreement contained the legal description of both tracts, and a diagram showing their general location, but recited a total purchase price of $675,500 (or approximately $2,200 per acre) without any distinction in value or price as between the separate tracts.
On August 16, 1971, Lanvail submitted a written offer for purchase of parcel 1 at a price of $2,000 per acre through John L. Dawson, another licensed broker. This offer was delivered by Dawson to Hickam *1223 personally, and Dawson was assured by Hickam that he would forward the offer to the co-executors.
John H. Gayer owned property located between parcels 1 and 2, and had previously transacted real estate business with Hickam. Hickam notified Gayer that a written offer had been made on parcel 1, and Gayer and Hickam then met personally with the co-executors to discuss the terms for purchase of both parcels. As a result of those discussions, Gayer submitted a written offer to purchase both parcels for approximately $1,750 per acre, and Hickam urged the co-executors to accept. During the course of these discussions and subsequent to submission of the written offer by Gayer, Hickam failed to disclose to the Co-executors that Lanvail had made an offer on parcel 1 at $2,000 per acre. The co-executors refused to accept the Gayer offer because the purchase price was too low.
On August 19, Dawson contacted Hickam relative to the status of Lanvail's offer, and Hickam did not disclose that this offer had not been forwarded to the co-executors, nor did he advise Dawson that the offer would not be submitted because it covered only parcel 1. Then on August 20, officers of Lanvail made arrangements to meet with the co-executors and thereupon the co-executors learned of the Lanvail offer for the first time. As a result, the co-executors notified Hickam that his listing was terminated, and Hickam made no objection to the termination.
Based upon the foregoing, the hearing officer concluded that Hickam had violated C.R.S.1963, 117-1-12(1), in willfully misrepresenting to Lanvail that he would forward its offer and in failing to advise Lanvail that the offer had not been forwarded in response to Dawson's inquiry (designated a violation of subsection (b)); in failing to disclose Lanvail's offer at the time, thereby, in effect, representing Gayer by urging the co-executors to accept Gayer's offer at a lower price (designated a violation of subsection (e); and in "accepting the offer from Lanvail, Inc. and failing to forward it, as well as failing to truthfully respond to inquiries about the status of the offer from Lanvail, Inc., taken together with his efforts to obtain and close an offer from John H. Gayer" (designated a violation of subsection (o)).

I. Hickam's Appeal
Hickam first argues that the district court erred in affirming the findings and conclusions of the Commission because an allegedly fabricated copy of the Lanvail offer was introduced into evidence. Specifically, Hickam contends that this exhibit reflected that the co-executors had five days within which to accept or reject the purchase offer, when in fact, the original copy submitted to Hickam for presentation to the co-executors did not contain a time limit for acceptance. On this basis Hickam reasons that the hearing officer likely would have reached a different conclusion as to Hickam's obligation to disclose the offer, and that, in any event, reception of the exhibit violated the best evidence rule. We disagree with both contentions.
The exhibit was introduced in evidence without objection and thus any violation of the best evidence rule has been waived. See Cornucopia Leasing, Mining & Milling Co. v. Kenney, 82 Colo. 264, 259 P. 1033. Moreover, since Hickam acknowledged in cross-examination that he understood the offer to have a five-day expiration period, and further, that Lanvail was most anxious to know within three days whether its offer would be accepted, it is not material that the exhibit may have been inaccurate in this regard.
Hickam next contends that the findings of the hearing officer are incompatible and therefore insufficient as a matter of law. In support of this contention, Hickam notes that he was charged with a violation of subsections (b), (e), (o), and (t) which all involve some form of dishonest conduct. While the hearing officer determined *1224 that violation of subsections (b), (e), and (o) occurred, the order stated:
"In view of the foregoing conclusions of law, your hearing examiner does not make any conclusions as to whether there has occurred a violation of [subsection (t)]."
Hickam concludes that since the hearing officer declined to make a specific finding of dishonest dealing under subsection (t), the findings cannot be reconciled. We disagree.
Subsection (t) is general in form and covers any other conduct constituting dishonest dealing which is not specifically described in the other subsections of the statute. Hence, we interpret the hearing officer's conclusion to be that findings relative to a violation of subsection (t) were unnecessary since violations of subsections (b), (e), and (o) had already been established.
Hickam next contends that the Commission's order should be reversed because a seven-month delay occurred between the conclusion of the hearing and entry of the hearing officer's order. We disagree.
Following presentation of the evidence, the hearing examiner directed that a transcript of the proceedings be prepared, and the transcript was not available until approximately four months after the date of the hearing. Within approximately three months thereafter the hearing officer reached his decision. While delay in the disposition of a legal dispute is to be avoided whenever possible, there is no basis for concluding that any delay in this case was prejudicial to Hickam. Cf. Uptime Corp. v. Colorado Research Corp., 161 Colo. 87, 420 P.2d 232.
Pointing to the fact that there was no evidence of any agreement that Hickam would be compensated by Gayer if Gayer's offer were accepted, Hickam challenges the conclusion that he represented both Gayer and the co-executors in connection with the Gayer offer. However, it is unnecessary to show that a broker has or will receive direct compensation for his efforts in order to establish a violation of the duty not to represent both parties without full disclosure. Rather, the violation occurs if the broker advances the interests of the purchaser to the detriment of the interests of his principal, the seller. See Gillespie v. Rosenbaum, 105 Misc. 588, 173 N.Y.S. 429. Hence, the finding that Hickam failed to disclose the Lanvail offer at a higher price for one parcel while urging the co-executors to accept Gayer's offer for both parcels at a substantially lower price per acre is sufficient to support the Commission's conclusion on this issue.
Hickam asserts that the evidence was not sufficient to support the Commission's determination that he was obligated to submit Lanvail's offer to the co-executors. In support of this contention Hickam first relies upon his testimony and that of other witnesses to the effect that the co-executors instructed Hickam to sell both parcels in one transaction. However, the co-executors denied that such instructions were given and the hearing officer found that the co-executors did not decline to consider any offer because it related to one parcel only. The issue then being one of credibility of the witnesses, it must be and was resolved by the hearing officer, and we may not disturb that determination on review. See Industrial Commission v. Bennett, 166 Colo. 101, 441 P.2d 648.
In the alternative, Hickam points to undisputed testimony that Gayer had presented an oral offer of $1,100 per acre on both parcels prior to receipt of the written offer from Lanvail and argues that there was no obligation to present an offer on one parcel when an offer for both parcels was being negotiated. This contention has no merit.
Absent specific instructions to the contrary, a broker is obligated to his principal to communicate promptly all definite offers for purchase of the principal's property, even if the broker feels that any particular offer is inadequate. See H. Fusilier, *1225 The Law of Real Estate Practice § 6.4; 12 Am.Jur.2d Brokers § 90. This obligation is funded upon the broker's general duty to make a full, fair, and prompt disclosure to his principal of all facts within his knowledge which might affect the principal's rights or influence his actions. See Annot., 7 A.L.R.3d 694; Restatement (Second) of Agency § 381. In addition, the broker's obligation to communicate all offers is not only imposed for the benefit of the seller but the buyer as well. See, e. g., Harper v. Adametz, 142 Conn. 218, 113 A. 2d 136; H. Fusilier, supra, § 6.4.
We have examined Hickam's other allegations of error and find them to be without merit.

II. Commission's Appeal
As a preliminary attack on the Commission's appeal, Hickam argues that, since the district court remanded the case to the Commission for further proceedings relative to the penalty imposed, that portion of the judgment may not be considered final and thus appealable until the Commission has concluded its deliberations on remand. We disagree.
When the district court reviews an administrative decision, and as a result of that review, it remands the case to the agency for additional action, the district court's judgment is final if the merits of the controversy have been determined. See Colorado Anti-Discrimination Commission v. Continental Air Lines, Inc., 143 Colo. 590, 355 P.2d 83; Safeway Stores, Inc. v. Trinidad, 31 Colo.App. 75, 497 P.2d 1277. Where, as here, evidence has been presented on all issues necessary for a determination of the controversy before the agency, and the trial court's reversal relates only to the penalty imposed as based upon the evidence presented, the trial court's judgment is final for the purposes of appeal. See Cline v. Boulder, Colo.App., 532 P.2d 770.
The Commission first contends that since the evidence supports its finding that violations of C.R.S.1963, 117-1-12(1), occurred, and since that statute specifically authorizes the Commission to suspend or revoke a license, the trial court has no jurisdiction to review the penalty imposed. We disagree.
The scope of review provided by the State Administrative Procedure Act in § 24-4-106(7), C.R.S.1973 (1969 Perm.Supp., C.R.S.1963, 3-16-5(7)), is to determine, inter alia, whether the agency action was "an abuse or clearly unwarranted exercise of discretion." Under C.R.S.1963, 117-1-12(1), the Commission is given discretion to determine whether a broker's license should be suspended or revoked for a violation of the statute. Hence, upon a showing that the penalty imposed constituted a clear abuse of discretion, the district court is empowered to award the relief set forth in the State Administrative Procedure Act.
In the alternative, the Commission contends that no abuse of discretion has been shown in this case. We agree.
In concluding that the license revocation shocked the conscience of the court, the trial court relied upon the fact that Hickam had 18 years of service as a broker without any complaints having been filed against him, the fact that neither the coexecutors nor Lanvail was damaged by Hickam's failure to present the Lanvail offer, and the failure of the hearing officer to conclude that a violation of subsection (t) of the statute covering "dishonest dealing" had occurred.
However, it is unnecessary to show that any party has been damaged in order to suspend or revoke a broker's license. See Abell v. Watson, 155 Cal.App. 2d 158, 317 P.2d 159. Moreover, we do not attribute any particular significance to the failure of the hearing officer to find a violation of subsection (t) of the statute. Rather, we view the Commission's findings of willful misrepresentation and representation of both parties without full disclosure the equivalent of dishonest dealing. In order to conclude that the penalty imposed by the Commission constitutes a clearly unwarranted exercise of discretion, *1226 it must appear that the penalty bears no reasonable relation to the conduct of the broker. See Bennett v. Price, 167 Colo. 168, 446 P.2d 419. Even granting that the penalty imposed was harsh, we are unable to conclude that a penalty of license revocation bears no reasonable relation to the conduct of the broker in this case, and thus we find no abuse of discretion.
The district court's judgment affirming the findings and conclusions of the Commission as to a violation of C.R.S.1963, 117-1-12(1), is affirmed. The district court's judgment relative to the Commission's revocation of Hickam's license is reversed and the cause is remanded with directions to dismiss Hickam's complaint.
VAN CISE and STERNBERG, JJ., concur.