The **COLORADO REAL ESTATE COMMISSION, Appellee,**

v.

**Lori P. HANEGAN, Respondent–Appellant.**

No. 95CA1887.

Colorado Court of Appeals, Div. II.

June 27, 1996.

Rehearing Denied Aug. 8, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Andrew D. Stone, Assistant Attorney General, Denver, for Appellee.

John R. Palermo, Bailey, for Respondent–Appellant.

Opinion by Judge MARQUEZ.

In this disciplinary action, respondent, Lori P. Hanegan, a licensed real estate broker, appeals an order of the Colorado Real Estate Commission (Commission) which imposed on her a fine of $50 and public censure in a Commission publication. We affirm in part and reverse in part.

The following facts are not in dispute. Respondent's license as a broker was subject to renewal in 1994. Section 12–61–110.5, C.R.S. (1991 Repl.Vol. 5B) requires a broker applying for renewal to include with his or her application a certified statement verifying successful completion of "a minimum of twenty-four hours of credit, *eight of which shall be credits developed by the real estate commission.*" (emphasis added)

Respondent completed 36 hours of credit. None of the credits, however, reflected the eight hours of credit developed by the Commission and offered as a single continuing education course known generally as the "mandatory" or "required" course.

Respondent's failure to take the required course was discovered during an audit of several thousand brokers for continuing education compliance. Disciplinary proceedings were initiated and an evidentiary hearing was held before an Administrative Law Judge (ALJ). The ALJ issued an initial decision, finding that respondent's noncompliance with the requirements for continuing education constituted a violation of a Commission rule and regulation promulgated in the public interest, *see* § 12–61–113(1)(k), C.R.S. (1991 Repl.Vol. 5B), and recommending a fine of $50 and no public censure.

Upon review, the Commission adopted the ALJ's findings and conclusions. It modified the sanction, however, to include public censure in *The Real Estate News*, a Commission publication.

## I.

Respondent contends that the Commission erred in concluding that she had violated a Commission rule and regulation, arguing that the Commission failed to provide adequate notice of the required eight-hour course. We disagree.

The ALJ essentially found that, contrary to respondent's contention, all licensees were informed through two publications of the required course. Specifically, the ALJ found that licensees were "advised" of the Commission's rule and regulation requiring mandatory completion of the Commission approved eight-hour course in a publication of the Divi-

sion of Real Estate consisting of the real estate brokers licensing statute, § 12–61–101, et seq., C.R.S. (1991 Repl.Vol. 5B), and the rules and regulations promulgated by the Commission. *See Colorado Real Estate Manual,* ch. 2, § B "Continuing Education." The ALJ further found that an even more specific announcement of the required course had been given in the December 1993 issue of *The Real Estate News,* which contained a full page article on license renewal for 1994–1996, and that this announcement had followed other references to the requirement in preceding issues of the quarterly publication.

The ALJ also found that respondent's testimony indicated she relied on the *Colorado Real Estate Manual* to keep current on changes in the licensing law and that she had received a number of the issues of *The Real Estate News* containing the reference to the mandatory course requirement.

In light of the foregoing, and the finding that of the 3,000 licensees audited in 1994, fewer than ten had failed to take the mandatory course, the ALJ concluded that licensees, including respondent, were adequately advised of the existence of the required eight-hour course.

The ALJ's findings support a reasonable conclusion that respondent had adequate notice that to renew her license in 1994 she had to complete the required eight-hour course. Inasmuch as respondent has failed to include a transcript of the testimony presented at the hearing, we must assume that the evidence supports both these findings and the conclusion drawn therefrom. *See Newport Pacific Capital Co. v. Waste,* 878 P.2d 136 (Colo.App.1994); *see also* C.A.R. 10(b).

## II.

■ Respondent next contends that the Commission erred in extending her sanction beyond the minimal fine recommended by the ALJ to include a public censure. Under the circumstances here, we agree.

■ The law grants an administrative agency wide discretion in its determination of the appropriate sanctions for disciplinary violations. *People ex rel. Woodard v. Brown,* 770 P.2d 1373 (Colo.App.1989); § 12–61–113,

C.R.S. (1991 Repl.Vol. 5B). However, an agency sanction which "bears no relation to the conduct," is a "gross abuse of discretion," or which is "manifestly excessive in relation to needs of the public" will not be upheld on review. *Colorado State Board of Medical Examiners v. Hoffner,* 832 P.2d 1062, 1069 (Colo.App.1992).

In considering the appropriate sanction, the Commission had before it the ALJ's findings as set forth above that respondent had adequate notice but failed to comply with the required course. The remainder of the ALJ's findings, distinct from the issue of respondent's noncompliance, were that respondent had not intentionally failed to take the Commission's required course; that, upon learning of her noncompliance in late June 1994, she immediately made arrangements to take the required course when it was next offered; and that, by late July, she had successfully completed the required course. Finally, the Commission had before it the ALJ's findings that respondent had no prior record of discipline by the Commission and had successfully completed, during the applicable compliance period, other continuing education credit in excess of the amount required under § 12–61–110.5(1)(c), C.R.S. (1991 Repl.Vol. 5B).

The Commission, on the other hand, adopted the ALJ's findings and conclusions of law. Nevertheless, without statement of any basis for its ruling, the Commission voted to include both a $50 fine and a public censure. Thus, the Commission's order does not state how the addition of censure relates in any way to respondent's conduct or the needs of the public. Further, neither the order of the ALJ nor that of the Commission indicates dishonesty or how the needs of the public have been affected by respondent's dereliction. *See Hickam v. Colorado Real Estate Commission,* 36 Colo.App. 76, 534 P.2d 1220 (1975).

■ While the Commission may make its own determination as to the appropriate sanction and is not bound by the determination of the ALJ, *see generally Halverstadt v. Department of Corrections,* 911 P.2d 654 (Colo.App.1995), the determination may be

set aside on review if it lacks any reasonable basis. *Electric Power Research Institute, Inc. v. City & County of Denver,* 737 P.2d 822 (Colo.1987).

For several reasons, we conclude that the Commission's determination to impose a public censure is not sustainable.

First, the extent of the ALJ's portrayal was that the misconduct reflected only a good faith error, *i.e.,* an unintentional and technical violation of the Commission's rules and regulations.

In addition, there is no indication in the findings that public censure paralleled a public need. Specifically, the findings disclosed neither that other brokers nor the public at large "needed" notice of respondent's error. As to the former, the ALJ found noncompliance with the required course was minimal. As to the latter, the ALJ found the error did not reflect on respondent's competence or abilities as a broker.

Finally, there were no findings that additional "public" pressure was required to achieve and insure respondent's compliance. To the contrary, respondent had no prior disciplinary record, she promptly corrected her error, and, on her initiative, she completed 12 extra hours of continuing education credits for 1994–1996.

Because of the absence of any factual findings which would justify, support, or link public censure to respondent's misconduct, we conclude there is no reasonable basis for the Commission to extend her sanction beyond the fine recommended by the ALJ.

That part of the order fining respondent $50 is affirmed. The portion of the order imposing public censure upon her is reversed.

PLANK and NEY, JJ., concur.