The **COLORADO REAL ESTATE COMMISSION**, Petitioner,

v.

Lori P. **HANEGAN**, Respondent.

No. 96SC617.

Supreme Court of Colorado,
En Banc.

Oct. 27, 1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Merrill Shields, Deputy Attorney General, Richard Djokic, First Assistant Attorney General, Andrew D. Stone, Assistant Attorney General, Regulatory Law Section, Denver, for Petitioner.

John R. Palermo, Bailey, for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

The Colorado Real Estate Commission (the Commission) sanctioned a real estate broker, Lori Hanegan. The court of appeals overturned the sanction. *Colorado Real Estate Comm'n v. Hanegan*, 924 P.2d 1170, 1173 (Colo.App.1996). We granted certiorari to determine whether the court of appeals employed the correct standard in reviewing the Commission's decision. We now conclude that the court of appeals incorrectly applied a "reasonable basis" rather than an abuse of discretion standard. Accordingly, we reverse the judgment of the court of appeals and direct that the Commission's Final Agency Order be reinstated.

## I.

Respondent, Lori Hanegan, is a licensed real estate broker. During the summer of 1994, the Real Estate Commission conducted a routine audit of approximately three thousand licensed brokers. The audit revealed that while Hanegan had accrued more than the required number of continuing education credits for the years 1991 through 1993, she had failed to take a particular eight-hour course required by statute for licensed brokers (the required course). Of the three thousand brokers audited, less than ten had failed to take the required course. Hanegan, unaware of the necessity of taking the required course, signed a statement in her 1994 license renewal application certifying that she had completed all necessary continuing education courses. After the Commission notified Hanegan of the deficiency, she immediately enrolled in and completed the required course.

The Commission pursued disciplinary action and settlement negotiations were unsuccessful. On June 19, 1995, the Commission held a hearing before an administrative law judge (ALJ). Following the hearing, the ALJ found that Hanegan had violated the statutory requirements for continuing education by failing to take the required course within the prescribed time. Hanegan argued that she did not have adequate notice that the course was indeed required as a part of

her continuing education credits.[1] The ALJ further found that adequate notice of the required course had appeared in several issues of the *Real Estate News*, a quarterly Commission publication distributed to licensees. However, he also found that Hanegan's violation was unintentional and that she had no prior record of discipline by the Commission. He assessed a fine of $50, but declined to impose an additional penalty of public censure.[2] Most, if not all, of the other individuals whom the audit revealed had not taken the required course were fined $50 and censured in the *Real Estate News*.

Hanegan appealed the ALJ's decision to the Commission, again asserting that she had not received adequate notice of the requirement. The Commission rejected her position and accepted the ALJ's findings of fact and conclusions of law. Further, in the Final Agency Order, the Commission amended the ALJ's sanction to include public censure in the *Real Estate News*.

Hanegan then appealed the Commission's order to the court of appeals. She argued that the Commission erred both in finding that she had adequate notice of the requirement and in imposing public censure. The court of appeals affirmed the Commission's finding of adequate notice and reversed the penalty of public censure. In setting aside the penalty, the court of appeals concluded that the Commission's findings did not reveal a reasonable basis for the added penalty. The Commission now appeals the court of appeals' reversal of its sanction.

## II.

### A.

The standard of review for Commission actions is governed by statute. Section 12–

61–114(4), 4 C.R.S. (1997)[3] provides for review of the Commission's disciplinary orders by the court of appeals in the manner set forth in section 24–4–106(11), 7 C.R.S. (1997). Section 24–4–106(11) specifies that the court of appeals is to employ the standard of review defined in section 24–4–106(7). Hence, the court is to set aside an agency action or order:

> If it finds that the agency action is arbitrary or capricious, a denial of statutory right, contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, purposes, or limitations, not in accord with the procedures or procedural limitations of this article or as otherwise required by law, an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law. . . .

§ 24–4–106(7), 7 C.R.S. (1997).

In sum, the courts may not overturn agency actions unless such actions are arbitrary, capricious, legally impermissible, or an abuse of discretion. *See Adams County Sch. Dist. v. Heimer*, 919 P.2d 786, 790–91 (Colo. 1996); *Hickam v. Colorado Real Estate Comm'n*, 36 Colo.App. 76, 84, 534 P.2d 1220, 1225 (1975).

Hanegan's sanction was clearly within the parameters of the Commission's statutory authority. Section 12–61–113, 4 C.R.S. (1997) authorizes the Commission to impose a variety of penalties, including censure, for any of a long list of violations. The list of violations includes a catch-all category for "[d]isregarding or violating any provision of

---

1. Hanegan argued that the statute itself did not clearly specify that the eight-hour course constituted a separate and distinct portion of the overall credits. Accordingly, she contended that the Commission was required, and failed, to publish adequate notice of the existence of a separate, mandatory eight-hour course. Rather than address whether the statute alone provided adequate notice to licensees, the ALJ, the Commission and the court of appeals all determined that the Commission's publications constituted sufficient notice of the need for the required course.

2. In his Initial Decision, the ALJ stated that in view of Hanegan's "technical" violation, public censure would serve no purpose. This portion of the decision, however, was not a finding of fact or conclusion of law, but rather the ALJ's opinion on the appropriate penalty. The Commission did not adopt that language or share that opinion.

3. We cite to the current volumes of the statutes and note that the applicable statutes have not been amended during the pendency of this dispute.

this ... article." § 12–61–113(1)(k), 4 C.R.S. (1997). Section 12–61–110.5(1)–(2) specifies that continuing education credits must include the required course, and this provision is a portion of the article for which censure is available. Furthermore, the Commission has the specific power to affirm, set aside or modify the ALJ's sanction upon review. *See* § 24–4–105(15)(b), 7 C.R.S. (1997). The statutes authorize censure for violation of a continuing education requirement; hence, the next question must be whether such a penalty was arbitrary or capricious under the circumstances of this case.

■ Courts will uphold an agency sanction unless it (1) bears no relation to the conduct, (2) is manifestly excessive in relation to the needs of the public, or (3) is otherwise a gross abuse of discretion. *See Bennett v. Price*, 167 Colo. 168, 174, 446 P.2d 419, 421 (1968); *People ex rel. Woodard v. Brown*, 770 P.2d 1373, 1379 (Colo.App.), *cert. denied*, 783 P.2d 1223 (Colo.1989). The relationship of the sanction to the conduct and to public need provides courts with an analytical grid on which to map agency discretion.

■ In contrast, we define the coordinates used in mapping agency discretion regarding findings of fact or conclusions of law somewhat differently than those applicable to sanctions. For example, an agency conclusion of law, sometimes identified as a finding of ultimate fact, will be upheld on review unless it lacks a reasonable basis. *See Electric Power Research Inst., Inc. v. City & County of Denver*, 737 P.2d 822, 826 (Colo. 1987). Previous decisions reviewing an agency's finding of ultimate fact indicate that the finding must have a reasonable basis *in law.*[4] *See Lee v. State Bd. Of Dental Exam'rs*, 654 P.2d 839, 844 (Colo.1982); *Ricci v. Davis*, 627 P.2d 1111, 1118–19 (Colo.1981). Findings of ultimate fact are conclusions of law or mixed questions of law and fact. *See Ricci*, 627 P.2d at 1118. Hence, an agency finding of ultimate fact must be reasonably grounded in law.

■ The "reasonable basis" standard does not apply to review of agency imposition of sanctions. The imposition of sanctions is a discretionary function which, if within the statutory authority of an agency, must not be overturned unless that discretion is abused. The issue for the reviewing court is not whether it would reach the same conclusion on the same facts. *See Bennett*, 167 Colo. at 172, 446 P.2d at 420–21. A court may not substitute its judgment for that of the agency vested with discretion to impose sanctions. *See Speer v. Kourlis*, 935 P.2d 43, 48 (Colo. App.1996); *Coates, Reid & Waldron v. Vigil*, 856 P.2d 850, 858 (Colo.1993). Hanegan did fail, albeit unintentionally, to meet the continuing education requirements specified by statute. She failed to keep properly abreast of legal requirements for maintaining her broker's license. Of the three thousand licensees whom the Commission audited, less than ten had failed to meet this requirement. In addition, she erroneously represented to the Commission, under penalty of perjury, that she had completed the required course. Evidence before the ALJ indicated that the Commission had imposed public censure on other individuals who failed to take the course. We are sympathetic to the fact that Hanegan's violation was unintentional and that she had no prior record of discipline. However, we are unable to conclude on these facts that public censure bears no relation to Hanegan's conduct or is manifestly excessive in relation to the needs of the public, and is thus an abuse of discretion. *See Hickam*, 36 Colo.App. at 84, 534 P.2d at 1225–26 (reversing district court's finding of abuse of discretion where Real Estate Commission revoked broker's license even though no party was damaged by broker's actions).

## B.

■ Hanegan additionally argues that the Commission's action was not supported by findings in the Final Agency Order linking the sanction to the public need. However, the Commission is not the fact-finder in the agency process, and the Commission is not required to make findings regarding the relationship between the conduct, the public

---

4. This language arose as a converse statement of the statutory standard that allows a reviewing court to set aside a decision if it is "otherwise contrary to law." *See Lee v. State Bd. of Dental Exam'rs*, 654 P.2d 839, 844 (Colo.1982) (citing § 24–4–106(7), 10 C.R.S. (1973)).

need and the sanction. *See Ricci,* 627 P.2d at 1120; *Weissman v. Board of Educ.,* 190 Colo. 414, 422, 547 P.2d 1267, 1273 (1976). Rather, in reviewing agency action, the legislature has directed the court to look at the whole record to determine whether the action is supportable. *See* § 24–4–106(7), 7 C.R.S. (1997). Where, as here, evidence in the record does support the Commission's imposition of a sanction, it must be upheld absent an abuse of discretion. Our analysis of the facts above indicates that the penalty does bear some relationship to the conduct, and is not manifestly excessive. The court's inquiry must end there.

### III.

The proper standard for review of an agency sanction is whether such sanction is arbitrary, capricious, legally impermissible or an abuse of discretion. The "reasonable basis in law" standard that has evolved in the context of agency findings of ultimate fact is inapplicable to a review of sanctions. Furthermore, an agency is not required to make specific findings that its sanction parallels a public need or is proportionately related to the misconduct. As long as the record as a whole provides sufficient evidence that the penalty is not manifestly excessive in relation to the misconduct and the public need, the penalty will be upheld. Accordingly, we reverse the court of appeals' holding and reinstate the Commission's Final Agency Order.