**Kevin MINH LE, d/b/a Marina Pointe Liquors, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE, Liquor Enforcement Division, Defendant–Appellee.**

No. 07CA0927.

Colorado Court of Appeals, Div. II.

May 29, 2008.

 

Dill, Dill, Carr, Stonbraker & Hutchings, P.C., Adam P. Stapen, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Ana C. Bowman, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CARPARELLI.

Plaintiff, Kevin Minh Le, doing business as Marina Pointe Liquors, appeals the judgment upholding the revocation of its liquor license by the Department of Revenue, Liquor Enforcement Division. We affirm.

## I. Background

Twenty-year-old Paul Ondrish entered Marina Pointe Liquors and used his older brother's expired Michigan driver's license to purchase a one-liter bottle of rum. Later that same night, Ondrish used the expired license a second time to purchase an additional bottle of rum from Marina Pointe. Early the

next morning, Ondrish was the driver in a single-car accident that killed him and a passenger and injured three others.

The Department issued an order to show cause and notice of hearing to Marina Pointe, alleging that it violated section 12–47–901(1)(a.5)(I), C.R.S.2007, by selling liquor to a minor. At a public hearing, Marina Pointe argued that Ondrish had presented "fraudulent proof of age;" that section 12–47–901(5)(a)(I), C.R.S.2007, provides licensees an affirmative defense in such circumstances; and, accordingly, that the Department was prohibited from revoking or suspending its license.

The hearing officer noted that Department of Revenue Regulation 47–912(A), 1 Code Colo. Regs. 203–2, states that licensees may refuse to sell to any person not able to produce adequate, *currently valid* identification of age. He also noted that a sign on the door of Marina Pointe stated: "MUST HAVE VALID DRIVERS LICENSE AND BE 21 TO PURCHASE ANY ALCOHOL BEVERAGE." The hearing officer concluded that the expired driver's license Ondrish presented was not adequate proof of age. Nonetheless, he also concluded that Marina Pointe violated the statutory prohibition against selling alcohol to a person under twenty-one, that the expired license did not constitute "fraudulent proof of age" for purposes of section 12–47–901(5)(a)(I), and, accordingly, that the statutory affirmative did not apply and Marina Pointe's license could be suspended or revoked.

The hearing officer recommended that Marina Pointe's liquor license be revoked. The Department's executive director concurred, and on review, the district court affirmed the Department's decision. Our resolution of Marina Pointe's appeal turns on the meaning of the statutory phrase "fraudulent proof of age," and the regulatory phrases "fraudulent identification" and "adequate, currently valid identification of age."

## II. Department's Application of the Statute

Marina Pointe contends that the Department erroneously interpreted section 12–47–901(5)(a)(I) and Regulation 47–912. We disagree.

### A. Section 12–47–901

Under section 12–47–901(1)(a.5)(I), it is unlawful for any person to sell or permit the sale of any alcohol beverage to any person under the age of twenty-one. When a licensee violates the statute, the state liquor licensing authority must suspend or revoke the violator's liquor licenses. § 12–47–202(1)(a), C.R.S.2007.

However, if a person under the age of twenty-one presents "fraudulent proof of age" and a licensee relies on the fraudulent proof, the sale of an alcohol beverage to the person may not be used as a ground to revoke or suspend the licensee's liquor license. § 12–47–901(5)(a)(I).

### B. Regulation 47–912

Regulation 47–912(B) states that it is an affirmative defense to any administrative action regarding an alleged sale to a minor if (1) the minor presented "false identification" of a type listed in Regulation 47–912(A), and (2) the licensee possessed an identification book, issued within the previous three years, that contained a sample of the kind of identification presented by the minor. *See* § 12–47–202(1)(b), C.R.S.2007 (authorizing the Department to make such rules and regulations as necessary for the regulation and control of the sale of alcohol beverages and for the enforcement of articles 46, 47, and 48 of title 12). The burden of proof is on the licensee to establish that the minor presented fraudulent identification.

Regulation 47–912(A) states that a licensee may refuse to sell alcohol beverages to any person who is not able to produce "adequate, currently valid identification of age." The type of identification deemed "adequate" is limited to those listed in the Regulation, and, as relevant here, includes an operator's driver's license containing a picture and date of birth, issued by any state.

### C. Standard of Review

We may reverse an agency decision only if the agency acted in an arbitrary and capri-

cious manner, made a determination unsupported by evidence in the record, or exceeded its constitutional or statutory authority. § 24–4–106(7), C.R.S.2007; *Ginny's Kids Int'l, Inc. v. Office of Sec'y of State*, 29 P.3d 333, 335 (Colo.App.2000).

Statutory interpretation is a question of law, which we review de novo. *Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006). When construing a statute, we must determine and give effective to the intent of the legislature. *State v. Nieto*, 993 P.2d 493, 500 (Colo.2000). Under the basic principles of statutory interpretation, we first determine whether the statutory language has a plain and unambiguous meaning. *People v. Yascavage*, 101 P.3d 1090, 1093 (Colo.2004). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *see also Klinger*, 130 P.3d at 1031. We read the statute as a whole "to give 'consistent, harmonious and sensible effect to all of its parts,'" in accordance with the presumption that the legislature intended the entire statute to be effective. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 593 (Colo.2005) (quoting *Bd. of County Comm'rs v. Costilla County Conservancy Dist.*, 88 P.3d 1188, 1192 (Colo.2004)).

When the words chosen by the General Assembly are capable of two or more reasonable constructions that yield different results, or are not clear in their common understanding, the statute is ambiguous. *Nieto*, 993 P.2d at 500–01; *see also Colby v. Progressive Cas. Ins. Co.*, 928 P.2d 1298, 1302 (Colo.1996). If the statute is ambiguous, the court may look to the consequences of a particular construction to determine the intention of the legislature. § 2–4–203(1)(e), C.R.S.2007. "A statutory interpretation leading to an illogical or absurd result will not be followed." *Frazier v. People*, 90 P.3d 807, 811 (Colo.2004).

We also accord deference to the interpretation of the agency charged with a statute's administration, and generally accept an interpretation that has a reasonable basis in the law and is warranted by the record. *Stell v. Boulder County Dep't of Soc. Servs.*, 92 P.3d 910, 916 (Colo.2004).

### D. Fraudulent Proof of Age

The purpose of section 12–47–901(1)(a.5)(I) is to prohibit the sale of alcohol to minors and to enable the Department to address violations of the statute. The affirmative defense protects licensees from revocation or suspension of their licenses when they request proof of age and a minor presents proof that is fraudulent with regard to his or her age. Section 12–47–901 does not define "fraudulent proof of age" and is silent as to what forms of identification a licensee may rely on to successfully assert the defense. However, it would be illogical and absurd to construe the phrase "fraudulent proof of age" to include all documents, regardless of their source, nature, or obvious invalidity.

### E. Fraudulent Identification and Valid Identification

When the statute containing the phrase "fraudulent proof of age" first became law, it also included a provision that granted the state licensing agency authority to issue regulations approving specified types of identification. Ch. 76, sec. 1, § 12–46–105(3), 1976 Colo. Sess. Laws 432 (similar authority now appears in § 12–47–202(2)(a)(I)(Q), C.R.S. 2007). Under that authority, the Department first established the language in Regulation 47–912(A) at issue here. *See* Regulation 47–128.3, 1 Code Colo. Regs. 203–2 (1977).

Regulation 47–912(A) states that, if a customer is not able to produce "adequate, currently valid identification of age," the licensee may refuse to sell to him or her. The regulation then states that the "kind and type of identification deemed adequate shall be limited" to six listed forms. Although the phrase "currently valid" is not repeated in the list of "adequate" forms, we conclude, as did the hearing officer, that when read in context, "currently valid" applies to and qual-

ifies each of the listed forms of identification. We also conclude that the hearing officer and the Department reasonably applied the phrase "currently valid identification" as meaning "facially valid," "not expired," and "valid as to form." It did not apply it to mean "valid as to the identity and age of the presenter."

 Thus, the regulation places licensees on notice that if they sell alcohol to a minor after checking identification that is (1) on the list of adequate identification and (2) facially valid as to form and expiration date, the Department may not use the sale as a ground for revocation or suspension of liquor licenses, even if the identification is false as to the identity or age of the presenter.

However, the regulation also places licensees on notice that the statutory defense will not protect them when they rely on identification that falsely attests to the identity and age of the customer if the identification (1) is not on the list of adequate identification, and (2) is invalid on its face as to form or expiration date. *See Romero v. Liquor & Beer Licensing Bd.,* 540 P.2d 1152, 1154 (Colo. App.1975) (not published pursuant to C.A.R. 35(f)) (because identification relied on by licensee was not of a type approved by the licensing authority regulation, licensee was not protected by the affirmative defense precluding suspension).

We conclude that this is a reasonable interpretation of the statute and is consistent with its purpose.

### F. Marina Pointe's Arguments

 We reject Marina Pointe's argument that the Department's decision that the defense is only available when a minor presents "currently valid" proof of age renders the statute meaningless. The regulation does not use the phrase "currently valid" to mean valid as to the age of the presenter, but rather, valid as to form and expiration date. Thus, contrary to Marina Pointe's second argument, licensees remain protected by the statutory defense when an underage customer presents counterfeit proof of age that, on its face, appears to be current and valid as to form.

 We also reject Marina Pointe's argument that the Department's requirement that fraudulent proof of age must be "currently valid" lacks a reasonable basis in law because it *requires* a licensee to refuse to sell to twenty-one or older who could not produce currently valid identification. Regulation 47–912(A) merely provides that, if a person cannot provide acceptable identification, the licensee has the right to protect itself by refusing to sell to that person. But the licensee also has the option of selling alcohol to a person who is unable to present currently valid identification. If the person is twenty-one or older, the licensee has not violated the law, but if the licensee chooses to sell alcohol to the person and the person is under twenty-one, the licensee has violated the law and is not protected. Thus, we conclude that the Department's ruling does not *require* a licensee to refuse to sell alcohol to an adult or make it a violation to sell to an adult if the adult is not able to present valid identification.

### G. Conclusion

 We therefore conclude that the Department did not err when it determined that the statutory defense was not available to Marina Pointe because it sold alcohol to a minor who presented proof of age that had expired.

### III. Penalty

 Marina Pointe also contends that the Department abused its discretion when it revoked the license. Again, we disagree.

 "The imposition of sanctions is a discretionary function which, if within the statutory authority of an agency, [may] not be overturned unless that discretion is abused. The issue for the reviewing court is not whether it would reach the same conclusion on the same facts." *Colo. Real Estate Comm'n v. Hanegan,* 947 P.2d 933, 936 (Colo.1997). We may not substitute our judgment for that of the agency. Rather, we must "uphold the agency sanction unless it (1) bears no relation to the conduct, (2) is manifestly excessive in relation to the needs of the public, or (3) is otherwise a gross

abuse of discretion." *Hanegan*, 947 P.2d at 936.

Here, there was testimony that Ondrish drove his own car to Marina Pointe about 10:15 p.m., and did not show *any* identification to the clerk. There was also testimony that, about half an hour later, after having drunk some of the rum, Ondrish drove back to Marina Pointe and bought a second liter of rum. There was conflicting testimony as to whether the first visit was at 6 or 7 o'clock that evening and whether the clerk asked for and saw Ondrish's fraudulent identification on both occasions.

When determining the sanction, the hearing officer described the violation as "flagrant" because, among other things, Marina Pointe had a prior violation and, contrary to requirements, had not retained and provided records of sales from the evening in question. Although Marina Pointe argues that its failure to retain the records of sales is inconsequential because it does not dispute that it sold alcohol to Ondrish, it was proper for the hearing officer to consider Marina Pointe's compliance with recordkeeping requirements, especially if the records would reflect what was sold and the time at which it was sold. The hearing officer also considered that Marina Pointe had sold to Ondrish twice in the same evening, that it had sold him two liters of rum, and that Ondrish and another person had died "as a consequence of his being intoxicated." The hearing officer also identified the mitigating circumstances he considered.

The hearing officer considered the risks to underage persons and others inherent in selling alcohol to a minor, the nature and gravity of the consequences, and the fact that the sign on Marina Pointe's door was evidence that it was aware that identification must be currently valid. The hearing officer explained that the revocation of Marina Pointe's license "is a recognition of the serious nature of the duties imposed by a liquor license and the consequence of the failure to fulfill those duties."

There is record support for the hearing officer's findings and conclusions. We conclude that the sanction relates to Marina Pointe's conduct, is not manifestly excessive in relation to the needs of the public, and is not a gross abuse of discretion.

We reject Marina Pointe's final argument that, under Regulation 47–604(D), the Department does not recommend revocation unless there are four sales of alcohol to a minor within a two-year period. The provision is entitled "Compliance Check Penalties" and explicitly pertains only to situations in which the violation was investigated or detected by using a person under twenty-one to purchase the alcohol. Such purchases are controlled by the licensing authority and, thus, involve no risk that a minor will consume the alcohol and endanger himself, herself, or others.

Judgment affirmed.

Judge ROTHENBERG and Judge ROMÁN concur.