Jay SHERRITT, Petitioner–Appellant,

v.

ROCKY MOUNTAIN FIRE DISTRICT,
Respondent–Appellee,

and

Colorado Office of Administrative
Courts, Appellee.

No. 08CA0914.

Colorado Court of Appeals,
Div. I.

Feb. 19, 2009.

Jay Sherritt, Pro Se.

Law Offices of Frederick Huff, Frederick Huff, Denver, Colorado, for Respondent–Appellee.

No Appearance for Appellee.

Opinion by Judge ROMÁN.

In this action under the Fair Campaign Practices Act, sections 1–45–101 to –118, C.R.S.2008, petitioner, Jay Sherritt, appeals the sanction imposed upon respondent,

Rocky Mountain Fire District (RMF). We affirm.

## I. Background

The parties are in general agreement regarding the underlying facts. Ballot issue 5A was a measure for consideration during the November 2007 election. The measure was designed to exempt RMF from the Taxpayer Bill of Rights (TABOR), Colo. Const. art. X, § 20, and the 5.5% limit imposed by section 29–1–301, C.R.S.2008.

Prior to the election, the RMF board of directors spent $1910.61 in printing and other preparation costs and $3483.69 in postage associated with a letter sent to registered voters within the RMF district. The letter stated that "passage of 5A will allow the District to maintain the steady and predictable revenue stream necessary to support its mission to provide top quality fire, rescue and emergency services." It also warned that "if 5A is not successful, the amount of revenue generated from taxes, grants and investments will be limited and subsequently, have an effect on the services provided to the District."

Petitioner filed a complaint alleging that RMF violated section 1–45–117(1)(a)(I)(C), C.R.S.2008, because it expended public money to urge electors to vote in favor of a ballot issue. Petitioner sought a civil penalty in the amount of $11,857.11, representing triple the amount spent by RMF, under section 10 (section 10) of Colorado Constitution article XXVIII, the campaign and political finance article.

An administrative law judge (ALJ) found that the printing and postage costs represented public funds that were used in violation of section 1–45–117. However, the ALJ declined to impose a fine in the amount requested by petitioner. Instead, the ALJ fined RMF $400.00, citing her authority under Colorado Constitution article XXVIII, section 9(2)(a) (section 9(2)(a)) to impose an "appropriate order, sanction or relief."

## II. Sanction

Although conceding the ALJ had discretion in setting the amount of the penalty, petitioner contends that pursuant to section 10, the ALJ's discretion is limited to a penalty which is at least double the amount of the contribution. Because we conclude section 1–45–117(4), C.R.S.2008, is the applicable sanction provision, we disagree.

### A. Standard of Review

■ On review, an agency decision will be sustained unless it is arbitrary, capricious, unsupported by the evidence, or contrary to law. § 24–4–106(7), C.R.S.2008; *Coffman v. Colo. Common Cause,* 102 P.3d 999, 1005 (Colo.2004).

When interpreting a statute, our primary task is to give effect to the intent of the legislature. We rely on the plain language of the statute and construe words and phrases according to their plain and ordinary meaning. *Colo. Common Cause v. Coffman,* 85 P.3d 551, 554 (Colo.App.2003), *af'd,* 102 P.3d 999 (Colo.2004). "We are not at liberty to read additional terms into, or to modify, the plain language of a statute...." *Nat'l Farmers Union Prop. & Cas. Co. v. Estate of Mosher,* 22 P.3d 531, 534 (Colo.App.2000). Statutory interpretation is a question of law that we review de novo. *League of Women Voters v. Davidson,* 23 P.3d 1266, 1270 (Colo. App.2001).

### B. Applicable Sanction Provision

■ "The purpose of [section] 1–45–117 is to prohibit the state government and its officials from spending public funds to influence the outcome of campaigns for political office or ballot issues." *Colo. Common Cause,* 85 P.3d at 554.

When the ALJ's order was issued on April 1, 2008, section 1–45–117(4) provided, in pertinent part:

> Any violation of this section shall be subject to the sanctions authorized in section 1–45–113 or any appropriate order or relief, including injunctive relief or a restraining order to enjoin the continuance of the violation.

Ch. 100, § 1, 2002 Colo. Sess. Laws 280.

Section 9(2)(a) provides a grievance procedure for violations of section 1–45–117:

Any person who believes that a violation of [certain sections] of this article, or of ... [section] 1–45–117 C.R.S .... has occurred may file a written complaint with the secretary of state no later than one hundred eighty days after the date of the alleged violation. The secretary of state shall refer the complaint to an administrative law judge within three days of the filing of the complaint. The administrative law judge shall hold a hearing within fifteen days of the referral of the complaint, and shall render a decision within fifteen days of the hearing.... If the administrative law judge determines that such violation has occurred, such decision shall include any appropriate order, sanction, or relief authorized by this article.

Sanctions for violations of the campaign and political finance article are listed in section 10, which in pertinent part provides:

Any person who violates any provision of this article relating to contribution or voluntary spending limits shall be subject to a civil penalty of at least double and up to five times the amount contributed, received, or spent in violation of the applicable provision of this article.

Colo. Const. art. XXVIII, § 10(1).

■ Although section 9(2)(a) provides for "any appropriate order, sanction, or relief authorized by this article," section 10(1) only sanctions violations of "this article relating to contribution or voluntary spending limits." Petitioner initiated this action pursuant to section 1–45–117, and the ALJ determined that RMF violated section 1–45–117. The ALJ did not determine that RMF violated any article of the constitution. As such, section 1–45–117(4) provided the basis for sanctions here.

In so concluding, we reject petitioner's argument that the current statutory language in section 1–45–117(4) "underscores the interpretation that [section] 10(1) applies to violations of this section." The current statutory language provides:

Any violation of this section shall be subject to the provisions of sections 9(2) and 10(1) of article XXVIII of the state constitution or any appropriate order or relief, including an order directing the person

making a contribution or expenditure in violation of this section to reimburse the fund of the state or political subdivision, as applicable, from which such moneys were diverted for the amount of the contribution or expenditure, injunctive relief, or a restraining order to enjoin the continuance of the violation.

§ 1–45–117(4), C.R.S.2008 (effective Apr. 10, 2008).

Although this language references section 10(1), the referenced section still provides sanctions only for violations of article XXVII. Here, the ALJ determined that RMF violated only section 1–45–117. Additionally, the language of section 1–45–117(4) directing "any appropriate order or relief" remains unchanged.

We decline to address petitioner's contention that section 10(1) applies because RMF's expenditures establish a violation of contribution or voluntary spending limits. Petitioner's sole argument to the ALJ was that RMF violated section 1–45–117(1)(b)(I) because it urged voters to approve ballot issue 5A; petitioner did not argue that the expenditure violated a contribution or spending limit, or make any other argument concerning the amount RMF spent. Therefore, on appeal we will not consider an argument regarding contribution or spending limits. *See Associated Bus. Prods. v. Indus. Claim Appeals Office*, 126 P.3d 323, 324–25 (Colo.App.2005) (issues not raised during administrative proceeding may not be raised for the first time on appeal).

### C. ALJ's Decision

■ Turning to section 1–45–117(4), we discern no abuse of the ALJ's discretion in refusing to sanction RMF at the higher amount.

■ When an administrative agency is granted statutory authority to impose a sanction, such sanction may not be overturned absent an abuse of discretion. A reviewing court "may not substitute [its] judgment for that of the agency," but "must 'uphold the agency sanction unless it (1) bears no relation to the conduct, (2) is manifestly exces-

sive in relation to the needs of the public, or (3) is otherwise a gross abuse of discretion.' " *Minh Le v. Colo. Dep't of Revenue,* 198 P.3d 1247, 1252 (Colo.App.2008)(quoting *Colo. Real Estate Comm'n v. Hanegan,* 947 P.2d 933, 936 (Colo.1997)).

As stated, before the 2008 amendment, section 1–45–117(4) subjected violators to "the sanctions authorized in section 1–45–113 or any appropriate order or relief." Ch. 100, § 1, 2002 Colo. Sess. Laws 280. Section 1–45–113 was repealed in 2002, and therefore, the reference to that section was obsolete when the ALJ issued the order on April 1, 2008. The ALJ was guided by the plain statutory language: "shall be subject to ... *any* appropriate order or relief." *See* ch. 145, § 1, 2002 Colo. Sess. Laws 280 (emphasis added).

Petitioner's position is contrary to the plain language of the statute. The plain and ordinary meaning of the word "any" is "without limitation or restriction." *Nat'l Farmers Union Prop. & Cas. Co.,* 22 P.3d at 534; *see also Kauntz v. HCA–Healthone, LLC,* 174 P.3d 813, 817 (Colo.App.2007) (" 'Any' means 'all.' "). The General Assembly chose to include the word "any" in the sanctions section of the statute. Consequently, the ALJ had discretion to determine any appropriate or-

der or relief. *See Colo. Common Cause,* 85 P.3d at 554 (we construe statutory terms according to their plain and ordinary meaning).

In sanctioning RMF $400.00, the ALJ cited RMF's attempt to comply with the law and the absence of prior violations. The ALJ found that public funds would be used to satisfy the penalty, and therefore, a large fine would compound the violation. In exercising her discretion, the ALJ properly considered the needs of the public. *See Minh Le,* 198 P.3d at 1252. Additionally, the ALJ's findings have record support and were neither arbitrary, capricious, unsupported by the evidence, nor contrary to law. Therefore, we sustain the decision. *See Coffman,* 102 P.3d at 1005.

Order affirmed.

Judge TAUBMAN and Judge LICHTENSTEIN concur.