ELECTRON CORPORATION, Petitioner,

v.

Alex WUERZ, The Industrial Claim Appeals Office of the State of Colorado, and The Colorado Division of Labor, Respondents.

No. 90CA2156.

Colorado Court of Appeals, Div. I.

Sept. 26, 1991.

Glasman, Jaynes & McBride, Pamela L. Musgrave, Denver, for petitioner.

Thomas D. Hacker, Denver, for respondent Alex Wuerz.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respon-

dents Indus. Claim Appeals Office and Colorado Div. of Labor.

Opinion by Judge MARQUEZ.

Electron Corporation, a self-insured employer, contests an order of the Industrial Claim Appeals Panel affirming the determination by an Administrative Law Judge (ALJ) that the claimant, Alex Wuerz, is eligible for vocational rehabilitation. We affirm.

Claimant, at age 21, sustained an on-the-job injury to his left knee on June 21, 1985, when he stepped off a fork lift while employed as a machinist for Electron Corporation. Subsequently, claimant underwent surgery, received temporary total disability benefits for various periods and unemployment compensation for an eight-week period, and was employed at Electron and a number of other business establishments.

At the time of hearing in July 1989 on the issue of entitlement to vocational rehabilitation, claimant was attending college and working 30–35 hours per week. The ALJ concluded that, as a result of his injury, claimant cannot return to his usual and customary occupation nor perform work for which he has previous training or experience, that he does not possess skills through previous experience which are readily marketable or which will lead to suitable gainful employment, and that he is eligible for vocational rehabilitation. The Panel affirmed this order.

## I.

The employer first contends that Department of Labor and Employment Rule V(B)(6), 7 Code Colo.Reg. 1101–3, the administrative rule governing vocational rehabilitation, violates due process by failing to provide specific standards for determining what constitutes "suitable gainful employment." The employer argues that the regulation is either unconstitutionally vague or constitutes an invalid delegation of legislative authority. We reject both contentions.

■ Statutes and administrative regulations are presumed valid, and the burden is on the party attacking such provisions to establish their invalidity beyond a reasonable doubt. *Colorado Civil Rights Commission v. Travelers Insurance Co.*, 759 P.2d 1358 (Colo.1988).

The issues of vagueness and improper delegation are interrelated and both derive from the constitutional guarantee of due process of law. *Allstate Products Co. v. Department of Labor & Employment*, 782 P.2d 880 (Colo.App.1989). We initially address the question of legislative delegation.

## A.

■ Legislative delegation of power to an administrative agency is valid if the General Assembly has provided sufficient statutory standards for rational rulemaking and adequate procedural safeguards for effective judicial review of administrative action. *Cottrell v. City & County of Denver*, 636 P.2d 703 (Colo.1981).

This case involves the statutory program for vocational rehabilitation which was amended in 1987, subsequent to the date of claimant's injury. *See* Colo.Sess.Laws 1987, ch. 51, at 387 and 393; § 8–49–101(1)(a), C.R.S. (1986 Repl.Vol. 3B).

■ The term "vocational rehabilitation" is commonly understood to signify the process of restoring a worker's wage-earning capacity. *See Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989). The statutory language itself is part of the legislative standards which govern the agency rulemaking power. *Colorado Auto & Truck Wreckers Ass'n v. Department of Revenue*, 618 P.2d 646 (Colo.1980).

■ More comprehensive statutory standards for the vocational rehabilitation program were codified at § 8–49–101(4), C.R.S. (1986 Repl.Vol. 3B). The statute specified that an injured worker was entitled to vocational rehabilitation:

"when, as a result of the injury or occupational disease, he is unable to perform work for which he has previous training or experience. Such vocational rehabilitation services shall continue for such period of time as may be reasonably necessary, not exceeding twenty-six weeks,

for the purpose of restoring the employee to *suitable employment.*" (emphasis added)

The express reference to an employee's inability to perform work for which he had prior training and experience indicates that vocational rehabilitation was to be limited to employees who had sustained a permanent industrial disability. *Allee v. Contractors, Inc., supra.* The clear legislative intent was to facilitate, within a defined time period, a reasonable restoration of the permanently disabled worker's wage earning capability. *Allee, supra.*

In addition to the legislative standards, the statutory scheme provided for an administrative hearing to determine eligibility for vocational rehabilitation, and it further provided for both administrative and judicial review of a hearing officer's determination of eligibility. *See* §§ 8–53–103, 8–53–111, 8–53–119, C.R.S. (1986 Repl.Vol. 3B). We conclude that these legislative standards and procedural safeguards are sufficient to insure against an arbitrary or unbridled exercise of administrative discretion. *See Orsinger Outdoor Advertising Inc. v. Department of Highways*, 752 P.2d 55 (Colo.1988); *Colorado Auto & Truck Wreckers Ass'n v. Department of Revenue, supra.*

### B.

■ The employer maintains, however, that the administrative definition of "suitable gainful employment" is too vague to provide meaningful direction to the Department in administering the vocational rehabilitation program. We are not persuaded.

The guiding principle in a void-for-vagueness challenge is whether the terms of the statute or regulation are sufficiently specific to apprise persons of ordinary intelligence of the particular conduct that will subject them to liability, *Colorado Civil Rights Commission v. Travelers Insurance Co., supra,* or if their standards are so ill-defined as to create a danger of arbitrary and capricious enforcement. *Kibler v. State*, 718 P.2d 531 (Colo.1986).

Here, the employer's vagueness contention is largely negated by the comprehensive terms of the definition in question. Department of Labor & Employment Rule V(B)(6), 7 Code Colo.Reg. 1101–3, states:

" 'Suitable Gainful Employment' means employment which is reasonably attainable and which offers an opportunity to restore the injured worker as soon as possible and as nearly as possible to employment with the employee's qualifications, including but not limited to the employee's age, education, previous work history, interests and skills. Special consideration shall also be given to the economic level of the employee at the time of injury and to the present and future labor markets, to attempt to restore him/her to the maximum level attainable."

We conclude this definition is sufficiently precise that persons of ordinary intelligence can readily understand its meaning and application.

The only argument advanced by the employer in support of its vagueness challenge is that a hearing officer can place greater weight on one vocational qualification than on another. However, in our view, the availability of administrative and judicial review is sufficient to insure against an arbitrary and capricious application of the regulatory standard. *See Orsinger Outdoor Advertising, Inc. v. Department of Highways, supra; Costiphx Enterprises, Inc. v. City of Lakewood*, 728 P.2d 358 (Colo.App.1986).

### II.

■ The employer next challenges the determination that the claimant is qualified for vocational rehabilitation. The employer argues that the claimant's current employment as a dispatch clerk is suitable, gainful employment, with earnings commensurate to his pre-injury income. It further asserts that the Panel, in determining claimant is eligible for vocational rehabilitation, placed "inordinate weight" upon claimant's age and interests, while giving insufficient weight to claimant's ability to obtain post-injury employment on his own. We perceive no error.

An injured worker is not disqualified from vocational rehabilitation because he has independently obtained employment, and whether such post-injury employment constitutes suitable, gainful employment is a factual determination. *Osborne v. Industrial Commission,* 725 P.2d 63 (Colo. App.1986).

Here, the evidence establishes that claimant held approximately eleven different post-injury jobs and that his reason for leaving most of those jobs either was because they were temporary positions or because his industrial disability made him unable to perform his job duties. We reject the employer's suggestion that claimant should be relegated to entry-level and low-paying jobs simply because of his relative youth and inexperience at the time of injury. Such a result would disregard the "economic level of the employee at the time of injury" and would be contrary to the remedial and beneficent purpose of the Act. *Timberline Sawmill & Lumber, Inc. v. Industrial Commission,* 624 P.2d 367 (Colo.App.1981).

There is medical evidence that claimant is likely to experience continued and, perhaps, increased disability and expert testimony that claimant does not possess transferable skills for other work that would constitute suitable, gainful employment. This evidence amply supports the Panel's determination that claimant is eligible for vocational rehabilitation. *See Western Cultural Resource Management, Inc. v. Krull,* 782 P.2d 870 (Colo.App.1989).

The order is affirmed.

PIERCE and DAVIDSON, JJ., concur.