**WILDWOOD CHILD AND ADULT CARE PROGRAM, INC.,**
Plaintiff–Appellant,

v.

**COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT, Child and Adult Care Food Program, Defendant–Appellee.**

No. 97CA1922.

Colorado Court of Appeals,
Div. III.

April 1, 1999.

Certiorari Denied Aug. 16, 1999.*

Sheila H. Meer, P.C., Sheila H. Meer, Kimberly A. Porter, Denver, Colorado, for Plaintiff–Appellant.

* Justice SCOTT does not participate.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Anthony S. Trumbly, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge JONES.

Plaintiff, Wildwood Child and Adult Care Program (Wildwood), appeals from the order and judgment on review entered in favor of defendants, Colorado Department of Public Health and Environment (Department) and Child and Adult Care Food Program (Food Program), withholding approval of Wildwood's budget request for travel costs. We affirm.

The Department administers the Food Program by an agreement with the Food and Consumer Service (FCS)(formerly known as the Food and Nutrition Service) of the United States Department of Agriculture (USDA). The purpose of the Food Program is to provide funds that ultimately provide nutritious meals to children in day care settings.

USDA provides funding for the program directly to the Department. The Department, through sponsoring organizations, reimburses eligible child care facilities for food service provided to their participants and reimburses the administrative costs of sponsoring organizations pursuant to 42 U.S.C. § 1766(f)(3)(b)(1996), 7 C.F.R. § 226 (1994), and 7 C.F.R. § 3015 (1994). The Department is responsible for the Food Program moneys expended in Colorado and may be penalized by the USDA if a facility is wrongfully reimbursed.

Wildwood, a non-profit organization, is one of the ten sponsoring organizations in Colorado that executes the program under an annual contract with the Food Program, and it receives reimbursement for its administrative costs from the Food Program. It receives all of its financial resources from federal government sources.

In July 1995, Wildwood submitted a management plan and proposed administrative budget for fiscal year 1996 to the Food Program for approval. The budget was approved in the amount of approximately 1.7 million dollars. The Food Program refused to fund the amount of $3,053 in the budget, and approval was withheld in the amount of $11,210. This appeal involves only the costs for which approval was withheld. With regard to these costs, which are for proposed out-of-state travel costs for Wildwood employees, the Food Program withheld approval based on Wildwood's failure to supply information concerning the date and location of the conference, the length of stay, the estimated cost, and the name of the anticipated attendee from Wildwood.

In September 1995, Wildwood appealed to the Food program, alleging inter alia, that it and the Department had wrongfully denied approval of its travel costs. The hearing officer found that the Food Program was entitled to the requested information and, accordingly, denied Wildwood's appeal.

Wildwood sought review of the agency's order in the district court, asserting two claims of relief. First, Wildwood claimed that federal law mandates approval of the proposed travel costs without prior evaluation by the Food Program. Secondly, Wildwood claimed that the Food Program interfered with and disrupted its internal operations, and improperly relied on guidance and directives that have not been promulgated as regulations at either the federal or state levels. The trial court rejected Wildwood's contentions and affirmed the final agency order.

Wildwood now appeals from the trial court's judgment.

■ Administrative proceedings are accorded a presumption of validity and regularity, and all reasonable doubts as to the correctness of administrative rulings must be resolved in favor of the agency. *Van Sickle v. Boyes,* 797 P.2d 1267 (Colo.1990). The burden is on the party challenging the agency action to overcome the presumption that the agency's acts were proper. *Colonial Bank v. Colorado Financial Services Board,* 961 P.2d 579 (Colo.App.1998).

■ In evaluating administrative action, the reviewing court must recognize that "the primary responsibility for the function under

review lies in the administrative agency and not in the courts." *Bennett v. Price,* 167 Colo. 168, 173, 446 P.2d 419, 421 (1968). Thus, a reviewing court is limited by the standard set forth in § 24–4–106(7), C.R.S. 1998, which requires that the agency action be affirmed unless the court finds that the agency exceeded its constitutional or statutory authority, made an erroneous interpretation of law, acted in an arbitrary or capricious manner, or made a determination that is unsupported by the evidence in the record. *See Colonial Bank v. Colorado Financial Services Board, supra.*

## I.

Wildwood asserts two contentions with respect to the Food Program's withholding of approval of Wildwood's proposed out-of-state travel costs.

## A.

■ Wildwood first contends that the trial court erred in affirming the hearing officer's conclusion that federal law allows prior approval of domestic travel costs. We disagree.

In determining whether the hearing officer acted within her discretion in allowing these costs to be subject to prior approval, we first turn to title 7, Part 3015 of the Code of Federal Regulations, which sets forth uniform requirements for USDA programs providing federal assistance to states. This regulation requires the use of Office of Management and Budget (OMB) Circular A–122 as a minimum standard in determining the allowability of costs under the Department's program. 7 C.F.R. § 3015.193 (1994).

OMB Circular A–122, entitled "Cost Principles for Nonprofit Organizations," was promulgated in 1980. It deals "with principles for determining costs of grants, contracts and other agreements with nonprofit organizations." OMB Circular A–122, Preamble, 45 F.R. No. 132 at 46022 (1980). Attachment A of the circular states general principles that affect the allowability of costs in general and employs a "reasonable and necessary" standard. Attachment B of the circular

"provide[s] principles to be applied in establishing the allowability of certain items of cost."

In Attachment A of A–122, basic considerations are set forth under "General Principles." As pertinent here, certain of those considerations state as follows:

2. Factors affecting allowability of costs. To be allowable under an award, costs must meet the following general criteria:

a. Be reasonable for the performance of the award and be allocable thereto under these principles.

. . . .

d. Be accorded consistent treatment.

e. Be determined in accordance with generally accepted accounting principles.

. . . .

g. Be adequately documented.

3. Reasonable costs. A cost is reasonable if, in its nature or amount, it does not exceed that which would be incurred by a prudent person under the circumstances prevailing at the time the decision was made to incur the costs. *The question of the reasonableness of specific costs must be scrutinized with particular care in connection with organizations or separate divisions thereof which receive the preponderance of their support from awards made by Federal agencies.* In determining the reasonableness of a given cost, consideration shall be given to:

a. Whether the cost is of a type generally recognized as ordinary and necessary for the operation of the organization or the performance of the award.

b. the restraints or requirements imposed by such factors as generally accepted sound business practices, arms length bargaining. Federal and State laws and regulations, and terms and conditions of the award.

c. Whether the individuals concerned acted with prudence in the circumstances, considering their responsibilities to the or-

ganization, its members, employees, and Government.

    d. Significant deviations from the established practices of the organization which may unjustifiably increase the award costs. (emphasis added)

OMB Circular A–122, Attachment A, 45 F.R. No. 132 at 46024 (1980).

In Attachment B, OMB Circular A–122 establishes general standards for allocation of travel costs:

    a. Travel costs are the expenses for transportation, lodging, subsistence, and related items incurred by employees who are in travel status on official business of the organization. Travel costs are allowable ... when they are directly attributable to specific work under an award or are incurred in the normal course of administration of the organization.

    b. Such costs may be charged on an actual basis, on a perdiem (sic) or mileage basis in lieu of actual costs incurred, or on a combination of the two, provided the method used results in charges consistent with those normally allowed by the organization in its regular operations....

OMB Circular A–122, Attachment B, para. 50, 45 F.R. No. 132 at 46034 (1980).

The original version of this guideline included a requirement of preapproval for domestic travel, which was deleted in the final version of the regulation. Thus, there is no federal government requirement for prior approval of domestic travel for employees of sponsoring agencies pursuant to Circular A–122. *See* OMB Circular A–122, Preamble, para. 5 and 10, 45 F.R. No. 132 at 46022 (1980).

The hearing officer concluded that, while the specific prior approval language was deleted, the Food Program is still entitled to predetermine whether the costs are reasonable and necessary pursuant to the provisions in both Attachment A and Attachment B.

Wildwood disagrees with this conclusion, arguing that the deletion of the prior approval requirement in Attachment B implicitly prohibits federal agencies from requiring prior approval of such costs. Wildwood further argues that the provisions in § 3015 and OMB Circular A–122 supersede the USDA agency regulations found at 7 C.F.R § 226, which require approval of the entire budget proposed by each sponsor.

We do not agree with Wildwood's assertion that OMB Circular A–122 prohibits the Food Program's prior approval of domestic travel when appropriate to a particular program. Despite the fact that the necessity for federal government prior approval of domestic travel costs was clearly a requirement deleted by the OMB, there is no express language in Attachment B prohibiting such prior approval by a state agency, under appropriate circumstances. The Circular's silence on this issue, along with the USDA's recognition in § 3015.3(b) that its subordinate agencies have the ability to develop further grant provisions, indicates that these federal guidelines are to be regarded as minimum standards, and an intention to allow individual agencies to make the determination of whether to require prior approval for travel costs. Furthermore, OMB Circular A–122 establishes the right of the program to determine whether the costs are reasonable and necessary.

Additionally, we note that the OMB Circular anticipates that there may be circumstances that dictate the prudence of seeking and receiving advance clearance or approval of such costs. The guideline states:

    6. Advance understandings. Under any given award the reasonableness and allocability of certain items of costs may be difficult to determine. This is particularly true in connection with organizations that receive a preponderance of their support from Federal agencies. In order to avoid subsequent disallowance or dispute based on unreasonableness or nonallocability, it is often desirable to seek a written agreement with the cognizant or awarding agency in advance of the incurrence of special or unusual costs. The absence of an advance agreement on any element of cost will not, in itself, affect the reasonableness or allocability of that element.

OMB Circular A–122, Attachment A, para. A(6), 45 F.R. No. 132 at 46024 (1980).

Because, here, Wildwood receives a preponderance of its financial resources from federal sources, the policy expressed by this guideline certainly indicates that OMB's specific rationale for prior approval has not been eliminated entirely from OMB Circular A–122. However, that rationale should be applied, here and generally, as reasonably and fairly as possible.

Here, the Food Program has determined that Wildwood's entire budget, including domestic travel costs, must be approved by the state agency. 7 C.F.R. § 226 (1994). We conclude that the provisions of § 226 are entirely consistent with the provisions of § 3015 and its incorporation of OMB Circular A–122.

Accordingly, the trial court properly found that the hearing officer did not abuse her discretion in concluding that approval of travel costs is permitted by federal regulations and guidelines applicable to the Food Program and Wildwood.

### B.

 Wildwood also contends that the trial court erred in finding that the hearing officer did not abuse her discretion in concluding that the Food Program was justified in withholding approval of the travel costs based on Wildwood's refusal to provide additional requested information. We disagree.

 In determining whether an administrative agency's decision is arbitrary or capricious, the court must determine whether a reasonable person, considering all of the evidence in the record, would fairly and honestly be compelled to reach a different conclusion. If not, no abuse of discretion has occurred and the agency decision must be upheld. *Ramseyer v. Colorado Dept. of Social Services*, 895 P.2d 1188 (Colo.App.1995).

In reaching her conclusion, the hearing officer relied on both Attachment A and B of OMB Circular A–122. As previously stated, Attachment A employs a "reasonable and necessary" standard to be applied to requested costs. Attachment B, which specifically addresses the allowability of travel costs, requires that, to be allowable, travel costs must be within the normal course of administration of the organization.

We agree with the hearing officer's conclusion that, in order to determine whether Wildwood's requested costs were allowable, the Food Program was entitled to certain information, and that the information requested, specifically the length of stay, how many staff planned to attend, the estimated cost, and the job titles of the persons attending, would be helpful to the Food Program in determining whether Wildwood's requested travel costs were allowable. The trial court upheld the hearing officer's determination that to require the name of the employee in advance would amount to pettifoggery. Accordingly, the trial court properly found that the hearing officer did not abuse her discretion in finding that the Food Program was justified in withholding approval of these costs until required information is submitted.

### III.

Because we affirm the trial court's conclusion that the hearing officer did not abuse her discretion in holding that the Food Program is entitled to request information concerning proposed travel costs, we need not consider Wildwood's contentions concerning micromanagement and illegal rulemaking, which were implicitly rejected by the hearing officer's resolution of the other issues.

The judgment is affirmed.

Judge MARQUEZ and Judge ROY concur.