COLORADO STATE BOARD OF
ACCOUNTANCY, Appellee,

v.

John S. PAROSKE, Respondent–
Appellant.

No. 00CA2390.

Colorado Court of Appeals,
Div. I.

Dec. 20, 2001.

Ken Salazar, Attorney General, Rebecca A. Connors, Assistant Attorney General, Denver, CO, for Appellee.

Kissinger & Fellman, P.C., Richard P. Kissinger, Brett D. Chardavoyne, Denver, CO, for Respondent–Appellant.

Opinion by Judge METZGER.

Respondent, John S. Paroske, appeals the order of the Colorado State Board of Accountancy (the Board), which fined him $1,000 and ordered him to complete eight hours of continuing education in ethics for not registering his professional corporation as required by § 12–2–117, C.R.S.2001. We affirm.

Respondent had practiced public accounting for twenty-eight years without receiving any disciplinary action. He was certified in 1983 by the Board to practice public accounting in Colorado and has maintained an active registration as a Certified Public Accountant (C.P.A.) with the Board.

In 1990, he incorporated as a professional corporation under the name John S. Paroske, P.C. He was the firm's sole practitioner.

Section 12–2–117(1), C.R.S.2001, provides:

A partnership, professional corporation, or limited liability company engaged, in this

state, in the practice of public accounting as certified public accountants shall register once every three years with the board as a partnership, professional corporation, or limited liability company of certified public accountants....

Since at least June 1997, the Board has taken the enforcement position that § 12–2–117(1) requires professional corporations, whether composed of one or several accountants, to register with the Board. Between June 1997 and January 2000, the Board took disciplinary action against fourteen sole-practitioner firms, besides respondent's, for failure to register.

After the Board informed respondent of its interpretation of § 12–2–117 in 1998, he registered his professional corporation. The Board then initiated disciplinary proceedings against him for his failure to have registered his professional corporation between 1990 and 1998.

After a hearing, the Administrative Law Judge (ALJ) concluded respondent's failure to register his professional corporation violated § 12–2–117 and recommended a letter of admonition and a $50 fine as sanctions. Both parties filed exceptions; the Board adopted the ALJ's findings, but increased the sanctions to a $1,000 fine and eight hours of continuing education in ethics.

## I.

Respondent contends § 12–2–117 clearly and unambiguously requires only firms composed of more than one accountant to register with the Board and that the Board erred in ruling to the contrary. We disagree.

 Statutory interpretation is a question of law, which we review de novo. Where a statute is reasonably susceptible of more than one interpretation, and the agency has employed its expertise to select a particular interpretation, we must defer to the agency's interpretation. *See Colorado State Personnel Board v. Department of Corrections,* 988 P.2d 1147 (Colo.1999).

In construing a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Section 2–4–101,

C.R.S.2001. Also, however, the "singular includes the plural, and the plural includes the singular." Section 2–4–102, C.R.S.2001.

Respondent argues that a common sense reading dictates that singular words usually denote a single person or thing, while plural words usually denote more than one person or thing. Therefore, in his view, the statutory phrase, "engaged ... in the practice of accounting as certified public accountants," compels a reading that § 12–2–117 applies to only firms of more than one accountant.

He supports his argument by referring to differences among the plural and singular forms used in the 1999 and prior versions of the rest of this section. For example, he points to § 12–2–117(1)(a), C.R.S.2001, which uses the term "[a]t least one" shareholder; to § 12–2–117(1)(b), (c), which used the term "[e]ach" shareholder, Colo. Sess. Laws 1970, ch. 26, § 2–1–116(1)(c), (d) at 91; and to § 12–2–117(1)(e), C.R.S.2001, which uses the term "[e]ach resident manager in charge of an office" of the professional corporation. Likewise, he cites to § 12–2–117(3)(b), C.R.S. 2001, which uses the term "one or more" directors, and to § 12–2–117(3)(c), C.R.S. 2001, which discusses joint and several liability.

 However, we read § 12–2–117 to be a statute in which the plural includes the singular. A professional corporation may be composed of a single person. And, the examples cited by respondent do not create the necessary inference that all professional corporations included in § 12–2–117 must have more than one shareholder. Instead, the plain meaning of respondent's examples is that they impose additional requirements on registered firms that have more than one shareholder or that have directors and managers.

Respondent further contends that reading § 12–2–117(1) to require registration of firms with a single practitioner would create a redundancy. He argues that regulating practitioners through the individual certification process makes it unnecessary also to regulate firms composed of a single individual. Again, we are not persuaded.

■ As the ALJ noted, the underlying purpose of the Accountancy Act is public protection. *See* § 12–2–101, C.R.S.2001. Different sections of the Act deal with different regulatory aspects of public accounting. Some sections detail the individual qualifications and licensing requirements for those wishing to practice public accounting. For example, § 12–2–109, C.R.S.2001, sets out requirements for education and experience; § 12–2–113, C.R.S.2001, permits licensing of persons from other jurisdictions; and § 12–2–119, C.R.S.2001, lists continuing education requirements.

In contrast, § 12–2–117 regulates accounting firms, not individual accountants. It imposes restrictions on firms that are not imposed on individual practitioners. Section 12–2–117(3), C.R.S.2001, requires accounting firms to comply with the Colorado Business Corporation Act, the Colorado Corporation Code, and the Colorado Limited Liability Company Act. Section 12–2–117(8), C.R.S. 2001, forbids firms from practicing public accounting except in compliance with the provisions of the Accountancy Act. Section 12–2–117(5), C.R.S.2001, forbids accounting firms from doing anything an individual practitioner could not do. Section 12–2–117(6), C.R.S.2001, specifies that individual practitioners within a firm must remain personally liable for their actions. Section 12–2–117(3)(c) requires accounting firms to maintain certain types and levels of insurance.

■ These examples lead us to conclude that no redundancy is involved in requiring an accountant to register with the Board as an individual and also requiring all accounting firms, whether composed of one or more practitioners, to register as well.

Consequently, we reject respondent's contention.

### II.

Respondent next argues § 12–2–117 contains a scienter element and therefore only willful violations can be punished. We do not agree.

■ Under § 12–2–123(1)(r), C.R.S.2001, a certified public accountant may be disciplined for "[f]ailure of a partnership, professional corporation, or limited liability company to register with the board pursuant to section 12–2–117 and to renew such registration once every three years as prescribed by the board." This language does not create a scienter element. In contrast, for example, § 12–2–123(1)(a), C.R.S.2001, subjects a certified public accountant to discipline for "[f]raud or deceit in obtaining or in attempting to obtain a certificate."

■ We read the Board's finding, that respondent did not "willfully" violate § 12–2–117, as a mitigating factor in its determination of sanctions, not as a determination that § 12–2–117 contains a scienter element.

### III.

Respondent next contends that, if § 12–2–117 requires firms composed of a single practitioner to register with the Board, it is unconstitutionally vague. We disagree.

■ We must uphold a statute if a reasonable and practicable construction can be determined. *See Rickstrew v. People,* 822 P.2d 505 (Colo.1991). All statutes are presumed to be constitutional. The burden is on the challenging party to prove the statute's unconstitutionality beyond a reasonable doubt. When a statute is challenged on the ground of vagueness, we attempt to construe it in a manner that will satisfy the requirements of constitutional due process. *People v. Rostad,* 669 P.2d 126 (Colo.1983).

■ Due process requires statutes to provide fair warning of the conduct prohibited. To avoid vagueness, statutes must "contain language that provides fair notice of what conduct is prohibited and provides enforcement authorities with sufficiently definite standards to ensure uniform, non-discriminatory enforcement of those prohibitions." *Watso v. Colorado Department of Social Services,* 841 P.2d 299, 309 (Colo. 1992).

■ A statutory provision is not void for vagueness if it fairly describes forbidden conduct in a manner that enables persons of common intelligence readily to understand its meaning and application. Thus, statutory

terms do not need to be defined with mathematical precision in order to withstand a vagueness challenge, *see Stamm v. City & County of Denver*, 856 P.2d 54 (Colo.App. 1993), nor does a statute have to specify every conceivable boundary of its application. *See People v. Baer*, 973 P.2d 1225 (Colo. 1999); *see also Washington v. Atherton*, 6 P.3d 346 (Colo.App.2000).

Section 12–2–117 provides a sufficiently definite standard to ensure uniform, nondiscriminatory enforcement. In reading the statute, a person of common intelligence can understand that it applies to all business entities engaged in the practice of public accounting. No more is required. *Cf. People v. Baer, supra.*

For the same reasons, we reject respondent's assertion that the Board's action in enforcing § 12–2–117 caused it to be applied as a penal statute and, as such, failed to give him adequate notice.

### IV.

Respondent also contends the Board should have been required "to clearly and unambiguously draft a rule, regulation, or policy statement explaining its exact enforcement position." We are not persuaded.

In *Electron Corp. v. Wuerz*, 820 P.2d 356 (Colo.App.1991), a division of this court considered a vagueness challenge to the term "vocational rehabilitation." The employer argued that, in the absence of a regulatory definition, a hearing officer impermissibly could place greater weight on one vocational qualification than on another. In rejecting the argument, the division stated:

> In addition to the legislative standards, the statutory scheme provided for an administrative hearing to determine eligibility for vocational rehabilitation, and it further provided for both administrative and judicial review of a hearing officer's determination of eligibility. We conclude that these legislative standards and procedural safeguards are sufficient to insure against an arbitrary or unbridled exercise of administrative discretion.

*Electron Corp. v. Wuerz, supra*, 820 P.2d at 358 (citations omitted).

We adopt that reasoning and apply it here. Although public accountants might have benefited from a published notice setting out the Board's enforcement position, the Board was not required to issue one.

Section 12–2–117 is sufficiently definite to survive a vagueness challenge. Further, the statutory scheme provides safeguards against the suspension and revocation of licenses. *See* § 24–4–104, C.R.S.2001. The initial decision of an ALJ may be appealed to the Board. *See* § 24–4–105(15), C.R.S. 2001. And, judicial review is available. *See* § 24–4–106, C.R.S.2001.

Therefore, we conclude sufficient safeguards exist against arbitrary and capricious enforcement, and the Board did not abuse its discretion by failing to issue a written policy explaining its enforcement position.

### V.

Respondent also contends the Board erred in applying, in an arbitrary and capricious manner, a penalty that was manifestly excessive and that bore no relationship to the conduct at issue. We disagree.

We must affirm agency sanctions unless the agency exceeded its constitutional or statutory authority, erroneously interpreted the law, acted in an arbitrary or capricious manner, or made a determination that is unsupported by the evidence in the record. Section 24–4–106(7), C.R.S.2001; *see also Colorado Real Estate Commission v. Hanegan*, 947 P.2d 933 (Colo.1997).

Here, pursuant to its authority to impose sanctions, § 12–2–123, C.R.S.2001, the Board imposed the maximum fine of $1,000 for a first offense and ordered respondent to complete eight hours of continuing education ethics credits.

### A.

To determine whether an agency's decision was arbitrary or capricious, we must determine whether a reasonable person, considering all of the evidence in the record, would fairly and honestly be compelled to reach a different conclusion. If not, no abuse

of discretion has occurred, and the agency decision must be upheld. *Wildwood Child & Adult Care Program, Inc. v. Colorado Department of Public Health & Environment,* 985 P.2d 654 (Colo.App.1999).

Here, between June 1997 and January 2000, the Board took disciplinary action against fourteen other sole-practitioner firms for failing to register under § 12–2–117. All fourteen were fined between $250 and $1,500. In the twelve cases in which the Board also imposed a continuing education requirement, that requirement was for at least seven hours. Four of the practitioners received the same fine as respondent did, and six were required to obtain the same number of credit hours of continuing education as he was. The record does not show what aggravating or mitigating factors were present in these other disciplinary actions.

While we might have imposed lesser sanctions, the evidence and circumstances here do not compel the conclusion that the Board acted arbitrarily or capriciously.

### B.

Unless a penalty is manifestly excessive in relation to the needs of the public, it must be upheld. An agency is not required to make specific findings regarding the relationship among the conduct, the public need, and the sanction. *See Colorado Real Estate Commission v. Hanegan, supra.*

Respondent points to his twenty-eight years as a certified public accountant with no disciplinary action and the fact he immediately registered his professional corporation after the Board advised him of its interpretation of § 12–2–117(1). The record shows the Board considered these facts as mitigating factors. However, the Board asserts it imposed the maximum fine because respondent had failed to register his professional corporation for eight years.

The underlying purpose of § 12–2–117 is public protection. By failing to register his professional corporation for eight years, respondent enjoyed the benefits of incorporation without being subject to the regulatory requirements of the statute.

Consequently, the sanctions are not manifestly excessive in relation to the needs of the public.

### C.

Respondent argues the sanctions must be reasonable in light of the underlying conduct. However, because the supreme court has rejected the reasonable basis standard for review of regulatory agency sanctions, *see Colorado Real Estate Commission v. Hanegan, supra,* we will not address this argument.

### VI.

Finally, respondent contends the ALJ and the Board erred in entering summary judgment because his constitutional arguments were not considered. We disagree.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *see also Tivolino Teller House v. Fagan,* 926 P.2d 1208 (Colo.1996).

An agency has no jurisdiction to rule on the constitutionality of its own organic act. When a party to an administrative proceeding seeks to challenge the constitutionality of a statute, the appropriate means is the statutory review procedure. *Clasby v. Klapper,* 636 P.2d 682 (Colo.1981). For actions of the Board of Accountancy, the statutory review procedure is an appeal to this court. *See* § 12–2–127, C.R.S.2001.

Here, the Board and respondent agreed on the underlying facts. The Board had jurisdiction to conduct a disciplinary hearing under § 12–2–125, C.R.S.2001, and was authorized to impose sanctions under § 12–2–123(1)(r). Because the Board did not have jurisdiction to consider respondent's constitutional challenges, the entry of partial summary judgment on the remaining issues was appropriate.

The order is affirmed.

NEY and TAUBMAN, JJ., concur.